Roy Lee GRIFFIN, Petitioner,

v.

City Sergeant, John A. WILKERSON, for the City of Lynchburg, Virginia, Respondent.

Tony Michael SMART, Petitioner,

v.

John S. GATHRIGHT, Superintendent of Bland Correctional Farm, Respondent.

Ivan Carroll SHIFFLETT, Petitioner,

v.

A. L. STRAWDERMAN, Sheriff of Rockingham County, Virginia, Respondent.

Civ. A. Nos. 71-C-13-L, 71-C-79-A, 71-C-64-H.

United States District Court, W. D. Virginia, Lynchburg, Abingdon, Harrisonburg Divisions.

Jan. 7, 1972.

Erwin S. Solomon, Hot Springs, Va., for Shifflett.

Robert F. Rider, Roanoke, Va., for Smart.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for defendant.

WIDENER, District Judge.

These three cases present common questions of law and similar matters of fact and have been consolidated.

The question in each case is whether, in Virginia, a court of record, in an appeal from a court not of record, may impose a sentence in excess of the sentence imposed by the lower court.

### THE GRIFFIN FACTS

Roy Lee Griffin was convicted of assault and battery, a misdemeanor, in the Municipal Court of the City of Lynchburg, on December 10, 1970 and was sentenced to sixty days in jail. He appealed his conviction to the Corporation Court of the City of Lynchburg, and there was convicted in a trial without a jury, on February 2, 1971, and was sentenced to twelve months in jail.

Griffin was also convicted on another assault and battery charge in the same Municipal Court on December 10, 1970, and was sentenced to thirty days in jail. In his appeal to the same Corporation Court, he was convicted, on February 2, 1971, in a trial without a jury, and sentenced to sixty days in jail.

He asks that his convictions in the Corporation Court be set aside. He was released from custody, subject to orders of this court, to await the decision in North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

### THE SMART FACTS

Terry Michael Smart was convicted of indecent exposure, a misdemeanor, in the Third Regional Juvenile and Domestic Relations Court, on November 4, 1970. He was sentenced to ninety days in jail, plus a fine of $50.00. He appealed to the Circuit Court of the City of Radford, was convicted on January 15,

J. Frank Shepherd, Lynchburg, Va., for Griffin.

1971, in a trial without a jury, and was sentenced to twelve months in jail. His petition was filed *pro se*, under pauper's oath, and the court assumes it seeks immediate release and setting aside of the conviction on appeal. He was released from custody, subject to orders of this court, to await the decision in North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

## THE SHIFFLETT FACTS

Ivan Carroll Shifflett was convicted of a second offense of driving while intoxicated, a misdemeanor, in the County Court of Rockingham County, November 12, 1970, and sentenced to pay a fine of $250.00 As a collateral effect, his motor vehicle operator's license was suspended for a period of three years. Va.Code § 18.1–59. He appealed to the Circuit Court of Rockingham County, and, on March 17, 1971, in a trial by jury, he was convicted of impaired driving, a lesser included offense, and was sentenced to nine months in jail, plus a fine of $500.00. As a collateral effect, his motor vehicle operator's license shall be suspended for a period of either six or twelve months. Va.Code § 18.1–56.1.

The petition asks for no particular relief, and upon inquiry by the court, in oral argument, the petitioner's attorney stated that he wished the conviction in the Corporation Court to be set aside and that petitioner be set free without punishment.

Petitioner has been let to bond pending the final disposition of this case.

Virginia Code §§ 18.1–54 (driving while intoxicated) and 18.1–56.1 (impaired driving) provide that impaired driving is a lesser included offense, but the maximum penalty for each offense is the same. The minimum penalty for driving while intoxicated is greater than the minimum for impaired driving. Va.Code §§ 18.1–9, 18.1–58.

The Commonwealth admits that petitioners have exhausted their state remedies. 28 U.S.C. § 2254.

The problem of increased sentences following appeals was recognized in this circuit in Patton v. North Carolina, 381 F.2d 636 (4th Cir. 1967), which apparently put a prohibition on increased sentences following appeals under the theories of due process, equal protection, and double jeopardy.

Following *Patton,* however, in 1969 the Supreme Court decided North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which modified *Patton* to the extent that such increased sentences were not held invalid under the equal protection or double jeopardy provisions of the Constitution but might be under the due process clause. *Pearce* also held that whenever a judge imposes a more severe sentence upon a new trial after an appeal, the reasons for his doing so must affirmatively appear. To this extent, *Patton* was modified.

In Virginia, on appeal from convictions of misdemeanors in courts not of record to courts of record, the defendant is entitled to a trial *de novo* under Virginia Code § 16.1–136. In a trial *de novo,* the defendant is entitled to a trial by jury in the same manner as if he had been indicted for the offense in a court of record. The statutory grant of a new trial annuls the judgment of the inferior court, and the judgment of the inferior court may not be introduced in evidence before the jury in the court of record. A plea of guilty in the court not of record may not be considered in the appeal. The statute annuls the judgment of the court not of record as completely as if there had been no previous trial. The amount of punishment awarded in the previous trial may not be imparted to the jury. Quoting the language of California, the Virginia court said: " '. . . the judgment appealed from is completely annulled, and is not thereafter available for any purpose'." Malouf v. Roanoke, 177 Va. 846, 13 S.E.2d 319, 322 (1941). Also Gaskill v. Commonwealth, 206 Va. 486, 144 S.E. 2d 293 (1965); Harbaugh v. Commonwealth, 209 Va. 695, 167 S.E.2d 329 (1969), and many other cases. Thus, it is seen that in a *de novo* trial in Virgin-

ia it is improper for the sentencing judge in the court of record to consider the record in the inferior court so that he can state his reasons for giving increased punishment. The jury verdict of a finding of guilt and fixing punishment, of course, states no reasons. The judge, after a verdict, merely imposes the sentence fixed by the jury.

Following *Pearce,* Rice v. North Carolina, 434 F.2d 297 (4th Cir. 1970), was decided. That case held that the fact that North Carolina law provided for a *de novo* trial on appeal did not prevent the rationale of *Pearce* from prohibiting a longer sentence after appeal. *Rice* (4th Cir.) held that the conviction on appeal should be set aside and the record expunged of the conviction.

In Levine v. Peyton, 444 F.2d 525 (4th Cir. 1971), cert. den., Slayton v. Levine, 404 U.S. 995, 92 S.Ct. 536, 30 L. Ed.2d 547 (1971), the Fourth Circuit squarely held that:

> "Jury sentencing does not free a defendant of the apprehension of a harsher sentence. We therefore hold that *Pearce* applies to a jury sentencing." 444 F.2d 525, 526.

*Levine,* however, did not get to the issue of whether *Pearce* applies to *de novo* trials since the defendant had obviously been tried twice for a felony. Since *Rice* was decided in the Fourth Circuit, November 16, 1970, the Virginia Supreme Court decided, in Snider v. Cox, 212 Va. 13, 181 S.E.2d 617, June 14, 1971, that Virginia law permits a new trial on the issue of punishment alone. Since juries fix punishment in Virginia, the effect of *Snider* is nothing more nor less than a construction of Virginia law to permit re-sentencing in criminal trials in Virginia. *Snider* thus permits a remedy consistent with the order to be entered in this case.

*Rice* (4th Cir.) was appealed, and the opinion of the Supreme Court was handed down December 14, 1971. North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). In *Rice* (Su-

preme Court), the court specifically did not reach the question of whether or not *Pearce* applied to a trial *de novo* in an appeal to a court of record. "We do not reach that question. . . ." 404 U.S. 244, 245, 92 S.Ct. 402, 404, 30 L.Ed.2d 413. Thus, the holding of *Rice* (4th Cir.) as to trials *de novo* in courts of record on appeal stands and is binding on this court. In order to reach the decision that it did not reach the question of *de novo* trials, *Rice* (Supreme Court) held that the Fourth Circuit had improperly disposed of the question of mootness and, in so doing, the Supreme Court construed *Pearce* as requiring only re-sentencing, not the invalidation of the conviction which results from a trial *de novo* after an appeal. ". . . *Pearce* does not invalidate the conviction which resulted from Rice's second trial. . . . *Pearce,* in short, requires only resentencing; the conviction is not ipso facto set aside and a new trial required." 404 U.S. 244, 247, 92 S.Ct. 402, 405, 30 L.Ed.2d 413. The court further stated that the defendant was not entitled to have his conviction erased nor to avoid the collateral consequences flowing from the second conviction and a proper sentence. 404 U.S. 244, 247, 92 S.Ct. 402, 405, 30 L.Ed.2d 413.

The Shifflett case here is somewhat complicated by the fact that the conviction of Shifflett for impaired driving is an acquittal of the greater offense of driving while intoxicated. Lane v. Commonwealth, 190 Va. 58, 55 S.E.2d 450 (1949). See Virginia Code § 19.1–249.

Being bound by *Rice* (4th Cir.) as to the *de novo* issue; *Rice* (Supreme Court) as to the re-sentencing and collateral effect of *Pearce;* and *Levine* as to the effect of *Pearce* on jury sentencing, it is the opinion of the court that the petitioners must be resentenced, but that their convictions in their second trials may not be set aside. Any collateral disabilities suffered by the petitioners on account of their convictions in their second trials should not be avoided

following their proper sentences under the second convictions.

 The re-sentencing of Shifflett should be in accordance with the sentence awarded him in the County Court of Rockingham County, but since the three-year suspension of his driver's permit is a collateral consequence attributable to driving while intoxicated, and not attributable to impaired driving, the lesser included offense, the re-sentencing of Shifflett, as a collateral consequence, may include only such suspension of his motor vehicle operator's license as may be attributable to impaired driving, not driving while intoxicated.

The Commonwealth having indicated its intention to appeal, Griffin and Smart will be kept at liberty subject to the orders of this court, as previously ordered by this court, pending the final disposition of this case. Shifflett has been let to bond as previously noted.

The court is mindful of the case of Evans v. Richmond, 210 Va. 403, 171 S. E.2d 247 (1969), but considers it is otherwise bound.

An order is this day entered consistent with this opinion.