**UNITED STATES of America,**

v.

**Leigh Alan Franklin GREENE, Defendant.**

**No. 2:00CR205.**

United States District Court, E.D. Virginia.

May 14, 2001.

Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, VA, for USA.

Robert Jeffries, Virginia Beach, VA, for defendant.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

This matter came before the court on April 19, 2001,[1] for the sentencing of Defendant Leigh Alan Franklin Greene. Defendant raised one objection to the presentence investigation report ("PSR") regarding the calculation of his Criminal History Category. The court overruled his objection for the reasons given below.[2]

### I. Factual and Procedural History

On October 31, 2000, Defendant Greene pled guilty to one count of transporting via a computer visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1). Defendant objected to the PSR on the ground that the probation officer erroneously assigned him a criminal history category of II. The probation officer determined Defendant's criminal history category on the basis of *United States Sentencing Guidelines Manual* § 4A1.1(b) (1998), which provides that two criminal history points should be assigned "for each prior sentence of imprisonment of at least sixty days." On January 23, 2001, Defendant had been convicted in the juvenile and domestic relations district court in Portsmouth, Virginia, of a charge entitled "Contributing to the Delinquency of a Minor," and was sentenced to a term of six months. Defendant appealed this conviction to the Portsmouth, Virginia, circuit court.

Defendant argued that the two criminal history points were improperly assigned, for two reasons: (1) Defendant had appealed the state conviction to the circuit court, and, under Virginia law, the lower court conviction was a nullity; and (2) the Guidelines require that a term of imprisonment actually be served in order to be counted, and Defendant had not served any part of the six-month sentence.

### II. Discussion

*Prior Sentence Rendered "A Nullity" When Appealed*

The term "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere,* for conduct not part of the instant offense."

---

1. Defendant's sentencing hearing was originally scheduled for February 6, 2001. Defendant filed an objection to his Presentence Investigation Report ("PSR") on the ground that two criminal history points had been erroneously awarded for a state conviction that was rendered a nullity pending appeal. This court continued Defendant's sentencing hearing until April 19, 2001, in order to allow the state appellate proceedings to be resolved. As of April 19, 2001, the state proceedings had not been resolved, because they had been continued. Rather than delay any further, this court proceeded with sentencing.

2. The court ruled from the bench, but reserved the option to issue a written opinion.

U.S.S.G. § 4A1.2(a)(1). Pursuant to the Sentencing Guidelines,

> Prior sentences under appeal are counted except as expressly provided below. In the case of a prior sentence, the execution of which has been stayed pending appeal, § 4A1.1(a), (b), (c), (d), and (f) shall apply as if the execution of such sentence had not been stayed....

*Id.* § 4A1.2(*l*).

Defendant argued that, under Virginia law, when an appeal is taken from a conviction in the juvenile and domestic relations district court, that appeal is heard *de novo* by the circuit court, and, once the appeal is noted, the original conviction ceases to have any legal effect. *See* Va. Code Ann. §§ 16.1–296(E), –132, –136 (Michie 1999). Thus, Defendant asserts that his situation does not fall within the purview of § 4A1.2(*l*).

There is no case law addressing this particular situation. The court finds, however, that the drafters of the Sentencing Guidelines did not intend to exclude Defendant's prior sentence from the operation of § 4A1.2(*l*). Whenever a sentence is appealed, there is the possibility that it will be overturned; nevertheless, the drafters chose to include sentences on appeal within the criminal history calculation. The fact that some states attribute a different legal significance to sentences pending appeal than do other states—*i.e.*, the fact that some states provide that a sentence on appeal from a court not of record is rendered a nullity—would not seem to affect the drafters' choice to include sentences pending appeal in the criminal history calculation. *See generally United States v. Stewart,* 49 F.3d 121, 123 n. 3 (4th Cir.1995) (stating that "[t]he purpose of enacting the Sentencing Guidelines was to ensure some measure of uniformity in federal sentencing").[3]

Defendant attempts to analogize his situation, in which his conviction is deemed a nullity pending appeal, with that of a defendant whose conviction is vacated due to a finding by an appellate court that the trial court committed errors of law or that subsequently discovered evidence exonerates the defendant. *See* U.S.S.G. § 4A1.2, comment. (n. 6) (explaining that sentences resulting from convictions that were vacated due to errors of law or subsequently discovered evidence exonerating the defendant are not to be counted in the criminal history calculation). However, Defendant's case is clearly not analogous to the vacated convictions excluded by the Sentencing Guidelines, given that an appellate court has not yet rendered any finding regarding the validity of Defendant's conviction, in contrast to the convictions envisioned by the drafters of § 4A1.2, comment. (n. 6).

Contrary to Defendant's argument, the court finds that this commentary supports counting Defendant's state conviction in the criminal history calculation. The same commentary cited by Defendant goes on to state that "the criminal conduct underlying any conviction that is not counted in the

---

**3.** The Government argued at the first sentencing hearing that if Defendant's state conviction is overturned on appeal, he can petition this court for resentencing. *See United States v. Mackbee,* 894 F.2d 1057, 1059 (9th Cir. 1990) (per curiam) (observing that if the defendant's conviction was overturned on appeal, then he would have the right to petition for resentencing in light of the invalidity of the prior conviction). However, the mechanism that would have been available to Defen-

dant to petition for resentencing—filing a habeas petition pursuant to 28 U.S.C. § 2255—was foreclosed to Defendant when he waived his right to file such a petition in his plea agreement. Therefore, at the continued sentencing hearing, the United States and Defendant amended the plea agreement so that Defendant now has a right to file a petition pursuant to § 2255, should Defendant prevail on his appeal in the state circuit court.

criminal history score may be considered pursuant to § 4A1.3." *Id.* Section 4A1.3 provides that

> [i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include ... prior sentence(s) not used in computing the criminal history category.

*Id.* § 4A1.3(a).

■ The commentary and the passage quoted above suggest two things. First, a consideration of the Sentencing Guidelines drafters in determining how to count criminal history points is the seriousness of the defendant's past criminal conduct and/or the likelihood that the defendant will commit other crimes. Second, the drafters anticipated that a prior conviction, even if it has been reversed or vacated, may nonetheless provide a good indicator of the seriousness/likelihood factor. Because this court finds that Defendant's adult conviction, in the juvenile and domestic relations district court, for Contributing to the Delinquency of a Minor is a reliable indicator of the seriousness of Defendant's past criminal conduct and the likelihood that he might commit another such offense, the court concludes that this sentence should be included in the computation of his criminal history category, pursuant to § 4A1.1(b) and § 4A1.2(*l*), despite Defendant's right to a *de novo* trial in the Virginia circuit court.

Additionally, Defendant has cited several cases in which a federal court discussed two-tier state procedures for adjudicating certain criminal cases, such as that in Virginia. *See Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *McClung v. Weatherholtz,* 351 F.Supp. 5

(W.D.Va.1972); *Griffin v. Wilkerson,* 335 F.Supp. 1272 (W.D.Va.1972). Defendant argued that *Colten,* in particular, makes clear that the Supreme Court considered a procedure such as that in Virginia to be an appeal in name only. However, these cases are not directly relevant to the sentencing issue before the court.

At issue in *Colten, McClung,* and *Griffin* was whether the holding of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), should apply in a two-tier system, namely, a system where a defendant is first convicted and sentenced in an inferior court, then appeals and is convicted and sentenced in a *de novo* proceeding in a superior court. In *Pearce,* the Supreme Court had held that the punishment imposed on resentencing following reconviction after a successful appeal cannot be greater than that imposed after the first trial, absent certain findings. *See* 395 U.S. at 726, 89 S.Ct. 2072. The Court's concern in *Pearce* was whether the defendant on resentencing would be subjected to vindictiveness for having successfully appealed his conviction. Although the *Colten* Court distinguished the two-tier system from the "usual" appellate process, the relevance of the distinction was analyzed in the context of determining whether "[t]he possibility of vindictiveness, found to exist in *Pearce,* is ... inherent in the ... two-tier system." *Colten,* 407 U.S. at 116, 92 S.Ct. 1953. The discussions in these cases do not shed any light on the problem currently before this court.

### Sentence Not Yet Served

■ Defendant additionally relied on commentary in which it is stated that "the defendant must have actually served a period of imprisonment on such sentence" in order for that sentence of imprisonment to qualify. U.S.S.G. § 4A1.2, comment. (n. 2). Defendant has taken this statement out of context. This application note is

intended to clarify the treatment of sentences of imprisonment that have been either partially or totally suspended.[4] It was not intended to cover a situation such as Defendant's, in which the defendant has not yet served a sentence that has been imposed by a lower court due to a pending appeal. Thus, the court finds this argument to be without merit.

### III. Conclusion

For the reasons given above, Defendant's objection to the calculation of his Criminal History Category is **OVERRULED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion to counsel for Defendant, the United States Attorney at Norfolk, and the United States Probation Office at Norfolk.

**IT IS SO ORDERED.**

---

4. Indeed, the portion of the commentary that Defendant has quoted is immediately followed by a citation to § 4A1.2(a)(3) (providing that only one point should be added for a conviction for which the imposition or execution of sentence was totally suspended or stayed), and § 4A1.2(b)(2) (providing that if part of a sentence of imprisonment was suspended, then only that portion that was not suspended should be considered).