## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

CHARLES H. HARBAUGH, JR. v. COMMONWEALTH OF VIRGINIA.

April 28, 1969.

Record No. 6967.

Present, All the Justices.

*John F. Anderson* (*Largent, Anderson and Larrick*, on brief), for plaintiff in error.

*W. Luke Witt, Assistant Attorney General* (*Robert Y. Button, Attorney General; M. Harris Parker, Assistant Attorney General*, on brief), for defendant in error.

EGGLESTION, C.J., delivered the opinion of the court.

Charles H. Harbaugh, Jr., charged in a warrant with unlawful assault and battery upon Charles William McDonaldson, III, was con-

victed in the County Court and appealed to the Circuit Court where he was tried by a jury. The jury found him guilty as charged in the warrant and fixed his punishment at a sentence of three months in jail and a fine of $250. The trial court entered judgment on the verdict and the defendant has appealed. The principal contentions before us are that the verdict and judgment are contrary to the law and the evidence, and that the trial court erred in admitting in evidence certain statements made by the defendant in his trial in the County Court.

The evidence shows that in June, 1965 Charles William McDonaldson, III, age 5, and his infant sister were placed by the Welfare Department of the city of Harrisonburg in the home of Harbaugh and his wife for adoption. However, the final order of adoption had not been entered at the time of the circumstances with which we are concerned.

On December 6, 1966 the boy's schoolteacher, Mrs. Audrey O. Combs, noticed that he was walking in an unusual manner and was having difficulty in taking his seat at his desk. She reported his condition to Stanley R. Koontz, the principal of the school. Koontz took the boy to his office where he and the school nurse, Mrs. Betty R. Barr, examined him. They found that his buttocks were badly bruised and showed blood marks with seepage therefrom. There were purple marks and welts on the back of both legs, and the outer layer of skin stuck to his underpants when they were removed. The testimony of Koontz as to the boy's condition was corroborated by that of the registered nurse employed by the school system.

The nurse recommended that the child be taken to Dr. Warren R. Gregory, Chief of Pediatrics of Winchester Memorial Hospital. His testimony as to the boy's condition corroborated that of the teacher, the principal and the nurse. Upon Dr. Gregory's recommendation the boy was placed in the hospital where he remained for twelve days.

Dr. Gregory testified that Harbaugh told him that he had spanked the boy and would not object to "spending a few days in jail" for having done so if that would aid the boy in growing up to be "a law-abiding citizen."

Douglas Tucker, a child welfare worker, testified, over the objection of the defendant, that at the trial in the County Court the defendant Harbaugh stated that he had spanked the boy "with his open hand" on the morning of December 6, 1966.

The defendant testified that on the morning the alleged assault took place he spanked the boy because he was slow in eating his breakfast and had missed the school bus. He said that he had spanked him "fairly hard," striking him ten or twelve times with his open hand, but without taking "his pants down." After he had thus spanked the boy he said that the child complained that "his bottom hurt;" that he then examined him and found that "serum was oozing" from bruises on his buttocks; that he put some sedatives "on the actual breaks in the skin" and then made the boy "put on clean pants;" and that thereafter he, the defendant, took him to school.

The defendant denied that the boy's condition had been caused by the spanking which he had given him and suggested that it might have been caused by a whipping which his teacher, Mrs. Combs, had given him. However, Mrs. Combs testified in rebuttal that she had never "beaten" or spanked the boy.

Mrs. Beatrice Lanham, called as a witness for the defendant, testified that the boy was at her house on Sunday, December 4, 1966, and that she saw him fall from the steps. In falling, she said, his back had struck a rock and that the blow was severe enough to cause him to cry. In rebuttal, Dr. Gregory testified that the boy's condition could not have been caused by his striking a rock unless it "had been heated to 250 degrees."

The boy was first offered as a witness for the prosecution. Counsel for the defendant raised the question as to his competency to testify and upon an examination of the boy the trial court concurred in that objection. Later the defendant offered to call him as a witness and the court upon further investigation again found that he was incompetent to testify. According to the record, the defendant then withdrew his objection to the ruling that the child lacked competency to testify.

*Carpenter* v. *Commonwealth*, 186 Va. 851, 44 S. E. 2d 419 (1947), involved the conviction of assault and battery upon a seven-year-old girl by a defendant who had taken her into his home to be reared and cared for. There the evidence showed that the wounds and bruises on the body of the child indicated that she had been cruelly and brutally beaten. The defendant admitted that he had whipped the child with a switch, but contended that her condition did not result from such chastisement.

In sustaining the conviction by a jury, approved by the trial judge, we pointed out that while parents or persons standing in *loco parentis* may administer such reasonable and timely punishment as may be

necessary to correct faults in a growing child, the right cannot be used as a cloak for the exercise of uncontrolled passion, and that such person may be criminally liable for assault and battery if he inflicts corporal punishment which exceeds the bounds of due moderation. We said that where a question is raised as to whether punishment had been moderate or excessive, the fact is one for the jury to determine from the attending circumstances, considering the age, size and conduct of the child, the nature of the misconduct, and the kind of marks or wounds inflicted on the body of the child. 186 Va. at 860 *ff.*, 44 S. E. 2d at 423 *ff.*

In the case now before us, the undisputed evidence as to the wounds and bruises on the body of this child showed that he had been cruelly and brutally beaten. The evidence on behalf of the Commonwealth, which the jury have accepted, is sufficient to warrant the finding that such wounds and bruises were inflicted by the defendant. The record shows that the jury were instructed according to the principles stated in *Carpenter* v. *Commonwealth, supra,* and their verdict clearly indicates that they have found that the punishment which the defendant inflicted on this child was unreasonable and excessive. The evidence fully supports that finding.

The principal contention urged on this appeal is that the trial court erred in admitting in evidence the testimony of Tucker, the welfare worker, that at the trial in the County Court the defendant stated that he had spanked this child on the morning of December 6, 1966. In the court below this testimony was objected to on the ground that since the trial in the Circuit Court was a trial *de novo* the prosecution had no right to introduce evidence of statements the defendant had made in the County Court. The same argument is advanced here. We do not agree.

Code § 16.1-132 [Repl. Vol. 1960] grants to any person convicted in a court not of record of an offense not felonious an appeal of right to the appropriate circuit, corporation or hustings court. Section 16.1-136 provides that such an appeal shall be heard *de novo* in the appellate court without formal pleadings, and the accused shall be entitled to a trial by a jury in the same manner as if he had been indicted for the offense in the circuit or corporation court.

In *Gravely* v. *Deeds*, 185 Va. 662, 664, 40 S. E. 2d 175, 176 (1946), we pointed out that an appeal under these sections is, in effect, a statutory grant of a new trial which annuls the judgment of

the inferior court, and that accordingly such judgment may not be introduced in evidence before the jury in the circuit court.

In *Baylor* v. *Commonwealth*, 190 Va. 116, 120, 56 S. E. 2d 77, 79 (1949), we held that since under the terms of § 16.1-132 an accused is given the right to a new trial "whether or not such conviction was upon a plea of guilty" in the inferior court, such plea of guilty was not admissible in evidence on the appeal to the court of record. The rationale of that holding was that the language of the statute indicated that the plea of guilty in the inferior court should not be considered on the appeal.

There is nothing in the language of § 16.1-132 or § 16.1-136 which excludes evidence of statements or admissions made by an accused while testifying in the inferior court.

Moreover, we think such evidence was admissible under the express terms of Code § 19.1-267, the pertinent portion of which reads:

"In a criminal prosecution, other than for perjury, or in an action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination, *unless such statement was made when examined as a witness in his own behalf*." [Italics supplied.]

The italicized language was added to the statute by the revision of the Code of 1887, § 3901. In *Kirby* v. *Commonwealth*, 77 Va. 681, 689, 690, 46 Am. Rep. 747 (1883), we held that under the terms of the statute as found in the Code of 1873, ch. 195, § 22, that is, before the italicized words had been added, evidence of certain statements made by the accused on a former trial was inadmissible. The obvious purpose of the amendment was to change the effect of the holding in the *Kirby* case.

In the present case, since it is admitted that the defendant's statement in the County Court that he had spanked the child was made while he was testifying in his own behalf, such statement was admissible under the terms of the statute as presently worded.

In the oral argument before us it was suggested that the admission in evidence of the defendant's statement made at the trial in the County Court violated his privilege against self-incrimination guaranteed to him under the Fifth Amendment to the Constitution of the United States and Section 8 of the Constitution of Virginia, in that it compelled him to give evidence against himself. Hence, it is said,

§ 19.1-267, *supra*, which permits the introduction of such evidence, is unconstitutional.

The contention that the admission of the defendant's statement at the prior trial violates his privilege against self-incrimination is not new and has been universally rejected by the courts. In *Harrison* v. *United States*, 392 U. S. 219, 88 S. Ct. 2008, 2010, 20 L. ed. 2d 1047 (1968), we find this observation:

"In this case we need not and do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. [Citing inter alia, *Edmonds* v. *United States*, 106 U.S.App.D.C. 373, 273 F. 2d 108, 112-113 (1959)]. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him."

In *Edmonds* v. *United States* [cited in *Harrison, supra*], it is said:

"It is generally held, unless a statute directs otherwise, that a defendant in a criminal case who takes the stand in his own behalf and testifies without asserting his privilege against self-incrimination thereby waives the privilege as to the testimony given so that it may be used against him in a subsequent trial of the same case. The fact that the defendant does not take the stand at the second trial does not prevent the use of his testimony given at the former trial, if it would otherwise be admissible." [Citing numerous cases.] 273 F. 2d, at 112-113.

Such evidence, it was pointed out, was competent as proof of "voluntary admissions." 273 F. 2d, at 113. See also, *State* v. *Farrell*, 223 N. C. 804, 807, 28 S. E. 2d 560, 563 (1944).

For a full discussion of the subject see, *United States* v. *Grunewald*, D.C.S.D.N.Y., 164 F. Supp. 644 (1958); Annotation, 5 A. L. R. 2d, at 1408.

Thus the effect of Code § 19.1-267, *supra*, as presently written, is to conform the procedure in this State with the general rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings and does not violate his constitutional privilege against compulsory self-incrimination. Consequently, the

statute is not in derogation of the Federal and State constitutional provisions. It follows that the ruling of the trial court in the present case admitting in evidence the defendant's statement in the County Court was proper.

The other assignments of error are without substance.

The judgment is

*Affirmed.*