BRAY, Judge.
Stephen L. Cregger (defendant) was convicted in a bench trial of driving “while having a blood alcohol content of 0.08 percent or while under the influence of alcohol” (DUI). On appeal, defendant contends that the trial court erroneously admitted a “Certificate of Breath Alcohol Analysis” (certificate) into evidence, a copy of which had not been provided to him by the attorney for the Commonwealth in accordance with Code § 19.2-187. Finding no error, we affirm the conviction.
/. FACTS
On April 8, 1995, Trooper L.F. Valley observed an automobile enter an intersection “without stopping at the stop sign,” “nearly hitting” the trooper’s vehicle. Upon approaching the car, Valley “detected ... an odor of alcohol” and ascertained that defendant was, the driver. Subsequent analysis of defendant’s breath, reported on the disputed certificate, revealed an alcohol concentration of 0.13 grams per 210 liters of breath, a violation of Code § 18.2-266(i).[1] A warrant charging defendant with the subject offense was thereafter obtained, returnable to the ‘Wythe General District Court.”
*89 On August 17, 1995, defendant’s counsel, pursuant to Code § 19.2-187, requested the attorney for the Commonwealth to furnish a copy of the certificate prior to defendant’s trial in the general district court. The Commonwealth failed to comply, but the district court admitted the certificate into evidence over defendant’s objection, resulting in conviction. Defendant appealed to the circuit court, without requesting a copy of the certificate incidental to prosecution of the offense in that forum. Nevertheless, defendant objected to introduction of the certificate into evidence during trial in the circuit court, again arguing that the Commonwealth had neglected to comply with his earlier motion in the general district court. The trial court overruled the objection, admitted the disputed certificate, and convicted defendant.

II. ANALYSIS

Code § 19.2-187 provides, inter alia, that:
In any hearing or trial of any criminal offense or in any proceeding brought pursuant to Chapter 22.1 ... of this title, a certificate of analysis ... shall be admissible in evidence as evidence of the facts therein stated and the results of the analysis or examination referred to therein, provided (i) the certificate of analysis is filed with the clerk of the court hearing the case at least seven days prior to the hearing or trial and (ii) a copy of such certificate is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused at least seven days prior to the hearing or trial upon request of such counsel.
(Emphasis added.) It is well established that “§ 19.2-187 should be construed strictly against the Commonwealth and in favor of the accused, since ‘it undertakes to make admissible evidence which otherwise might be subject to a valid hearsay objection.’ ” Mullins v. Commonwealth, 12 Va.App. 372, 374, 404 S.E.2d 237, 238 (1991) (quoting Gray v. Commonwealth, 220 Va. 943, 945, 265 S.E.2d 705, 706 (1980)). But see Willis v. Commonwealth, 10 Va.App. 430, 441, 393 S.E.2d 405, 411 (1990) (“[Pjenal laws ... ‘ought not to be construed so strictly as to defeat the obvious intention of the legislature.’ ” (quoting *90 Huddleston v. United States, 415 U.S. 814, 831, 94 S.Ct. 1262, 1271-72, 39 L.Ed.2d 782 (1974))). A certificate is, therefore, inadmissible when “the Commonwealth fails strictly to comply with ... [the statute],” including a default in providing an accused with a copy of the certificate pursuant to its provisions. Woodward v. Commonwealth, 16 Va.App. 672, 674, 432 S.E.2d 510, 512 (1993); see also Bottoms v. Commonwealth, 20 Va.App. 466, 468-69, 457 S.E.2d 796, 797 (1995).
However, a principle of equal dignity in our jurisprudence instructs that “[t]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation.” Winston v. City of Richmond, 196 Va. 403, 408, 83 S.E.2d 728, 731 (1954); see Harrison & Bates, Inc. v. Featherstone Assocs. Ltd. Partnership, 253 Va. 364, 368, 484 S.E.2d 883,-(1997). “Words are ambiguous if they admit to ‘being understood in more than one way[,]’ ... refer to ‘two or more things simultaneously^ ... are ‘difficult to comprehend,’ ‘of doubtful import,’ or lack ‘clearness and definiteness.’ ” Diggs v. Commonwealth, 6 Va.App. 300, 301-02, 369 S.E.2d 199, 200 (1988) (en banc) (citation omitted). Absent such infirmities, the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction. See Winston, 196 Va. at 407-08, 83 S.E.2d at 731.
Code § 19.2-187 renders a “certificate of analysis” admissible in certain proceedings, including “any hearing or trial of any criminal offense,” provided it is timely “filed with the clerk of the court hearing the case ” and “a copy ... is mailed or delivered by the clerk or attorney for the Commonwealth to counsel of record for the accused ... prior to the hearing or trial.” (Emphasis added.) By repeatedly employing the article “the,” the legislature plainly and unambiguously referenced a specific “hearing or trial” pending in a particular tribunal, imposing upon its clerk, the attorney for the accused and the attorney for the Commonwealth certain attendant responsibilities. See Webster’s Ninth New Collegiate Dictionary 1222 (1989). The statute clearly does not contemplate a conjectural hearing or trial in an unknown forum. See Allen *91 v. Commonwealth, 3 Va.App. 657, 663-64, 353 S.E.2d 162,165-66 (1987) (filing of certificate in general district court clerk’s office did not constitute statutory filing “with the clerk of the [circuit] court hearing the case”).
Here, defendant’s only request for a copy of the certificate related to the prosecution then underway in the general district court. When defendant subsequently appealed the conviction in that court to the circuit court, he invoked the jurisdiction of the trial court pursuant to Code § 16.1-132, commencing a proceeding de novo pursuant to Code § 16.1-136 and “annul[ling] the judgment of the inferior tribunal as completely as if there had been no previous trial.” Walker v. Department of Pub. Welfare, 223 Va. 557, 563, 290 S.E.2d 887, 890 (1982); see Buck v. City of Danville, 213 Va. 387, 388, 192 S.E.2d 758, 759 (1972). Under such circumstances, “it appears entirely fair that the accused and the State should start again at parity____” Johnson v. Commonwealth, 212 Va. 579, 586, 186 S.E.2d 53, 58 (emphasis added), cert. denied, 407 U.S. 925, 92 S.Ct. 2458, 32 L.Ed.2d 812 (1972); see also id. at 584-86, 186 S.E.2d at 57-58 (circuit court is not bound by sentence imposed in district court); Harbaugh v. Commonwealth, 209 Va. 695, 698-99, 167 S.E.2d 329, 332 (1969) (defendant is not bound by a guilty plea entered in district court); Ledbetter v. Commonwealth, 18 Va.App. 805, 809, 447 S.E.2d 250, 252-53 (1994) (Commonwealth not bound by actions of prosecutor in district court).
Thus, absent a request by defendant for a copy of the certificate incidental to the de novo proceedings in the circuit court, Code § 19.2-187 imposed no duty upon the attorney for the Commonwealth, notwithstanding defendant’s earlier request during the pendency of trial in the general district court. Accordingly, the certificate was properly received into evidence, and we affirm the conviction.

Affirmed.

. Code § 18.2-266 proscribes the operation of a motor vehicle by any person having a "blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test" or while "under the influence of alcohol.” Code § 18.2-269(A) creates a presumption that an accused with such blood alcohol concentration "was under the influence of alcohol at the time of the alleged offense.”