COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Senior Judge Hodges
Argued at Alexandria, Virginia

DAVID ALLEN MOORE

MEMORANDUM OPINION[*] BY
v.   Record No. 0063-98-4      JUDGE WILLIAM H. HODGES
                               FEBRUARY 23, 1999
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

Michael D. Sawyer (Alexander N. Levay; Moyes &
Levay, P.L.L.C., on briefs), for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.

David Allen Moore appeals from a jury verdict convicting him
of two counts each of murder and using a firearm in the
commission of murder. Moore asserts that the trial court erred
when it allowed the Commonwealth to read into evidence his
testimony from an earlier trial that ended in a mistrial, and
when it denied his motion to set aside the verdict based on the
Commonwealth's failure to disclose a statement he made to
Investigator Merchant on September 30, 1994. We affirm the
convictions.

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## I.  Admissibility of Prior Testimony

Moore's first trial ended in a mistrial when the jury could not reach a verdict.  Moore testified on his own behalf during the first trial and, over his objection, the transcript of this testimony was read into evidence at his second trial.  Moore contended that Code § 19.2-270 did not apply where the testimony to be admitted came from a trial that ended in a mistrial.

Code § 19.2-270 provides:

> In a criminal prosecution, other than for perjury, or in an action on a penal statute, evidence shall not be given against the accused of any statement made by him as a witness upon a legal examination, in a criminal or civil action, unless such statement was made when examined as a witness in his own behalf.

The argument that admitting into evidence a defendant's testimony from a prior trial "violates his privilege against self-incrimination is not new and has been universally rejected by the courts."  Harbaugh v. Commonwealth, 209 Va. 695, 700, 167 S.E.2d 329, 333 (1969).  See Harrison v. United States, 392 U.S. 219, 222 (1968).

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.

Id.

In <u>Harbaugh</u>, the defendant was convicted in county court of assault and battery and appealed to circuit court. The defendant testified in his own behalf at the county court proceeding. At the circuit court trial, the trial court allowed a witness to relate the defendant's county court testimony. <u>See</u> <u>Harbaugh</u>, 209 Va. at 695-96, 167 S.E.2d at 330-31. The defendant objected, contending that the evidence was inadmissible because the circuit court trial was a trial <u>de</u> <u>novo</u>. <u>See</u> <u>id.</u> at 698, 167 S.E.2d at 332. Despite recognizing that an appeal from a county court to a circuit court was "a statutory grant of a new trial which <u>annuls</u> the judgment of the inferior court," the Court held that this evidence was admissible under the predecessor statute to Code § 19.2-270. <u>See</u> <u>id.</u> at 698-99, 167 S.E.2d at 332-33 (emphasis added). <u>See also</u> <u>Cregger v. Commonwealth</u>, 25 Va. App. 87, 91, 486 S.E.2d 554, 556 (1997) (noting that an appeal from general district court to circuit court nullifies the district court's judgment as completely as if there had been no previous trial).

Moore presents no case law in support of his contention that testimony from a prior trial that ends in a mistrial is inadmissible under Code § 19.2-270. The statute does not specify the type of legal proceeding from which testimony can be used, only limiting admissibility to statements made by the defendant "when examined as a witness in his own behalf." Moore testified under oath and in his own behalf at the first trial. Accordingly, the trial court did not err by admitting this evidence.

Moore also argues that his testimony at the first trial was improperly compelled by the admission of illegal evidence. He contends that his statements to Michael Anderson were elicited illegally, and, therefore, his testimony to rebut these tape-recorded statements was also tainted. See Harrison, 392 U.S. at 223 (a defendant's Fifth Amendment right against self-incrimination is violated when he is compelled to testify to rebut an illegally obtained confession).

Moore finally argues that much of his testimony consisted of prejudicial statements that did not implicate him in the murders. And he asserts that the manner in which the evidence was presented to the jury, by having different persons read the different "roles," was a "highly prejudicial spectacle."

Although Moore moved to suppress the tape-recorded statements he made to Anderson, his sole objection to using his testimony from the first trial at the second trial was that the first trial had ended in a mistrial.[1] And while Moore challenged the admissibility of the testimony generally, he did not state the specific ground upon which he based this challenge, he did not seek to redact any portions of the testimony he felt prejudicial, and he agreed with the Commonwealth that his entire testimony from the first trial should be read to the jury. Finally, with regard to the manner in which the testimony was

_____

[1]Moore advised the trial court that his objection was based on the Fifth Amendment, but he did not make the Harrison argument that he now presents to this Court.

- 4 -

presented to the jury, Moore's only objection, which was remedied, was that he did not want the Assistant Commonwealth's attorney reading his, Moore's, part.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal. See Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). A trial court must be alerted to the precise issue to which a party objects. See Neal v. Commonwealth, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

We hold that Moore did not, with any specificity, bring any of the three concerns addressed above to the trial court's attention. Because the requirements of Rule 5A:18 have not been met, we will not consider these concerns on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## II. Failure to Disclose Statement

At the second trial, Investigator Merchant described a September 30, 1994 conversation he had with Moore regarding a "rap" song Moore had been heard singing that recounted the murders. Merchant testified that Moore "indicated" that he made

up the song and that Moore then dropped down his head.  Merchant had not mentioned this particular discussion in the four previous times he had testified in this case, and this statement had not been provided to Moore as part of the Commonwealth's discovery responses.  Although objecting when Merchant began to testify how he interpreted Moore's action of dropping down his head, Moore did not object on the ground that the Commonwealth had improperly failed to disclose this information.  He did not request that the evidence be excluded, ask for a continuance, or move for a mistrial.  On cross-examination, Moore got Merchant to admit that this was the first time that he had testified about this discussion about the rap song.

Moore subsequently moved the trial court to set aside the jury's verdict based on the Commonwealth's failure to disclose the September 30, 1994 statement.[2]  The trial court denied the motion, reasoning that Moore had waived any objection by not raising the issue timely.  The court noted that, had Moore objected contemporaneously, it "would not, in all probability . . . have resulted in a mistrial at that time.  There would have been other things the Court could have done short of that drastic remedy."

Where the Commonwealth fails to fully provide discovery under Rule 3A:11, the trial court may "grant a continuance, or

---

[2]At the May 9, 1997 hearing, Merchant testified that appellant did not verbally admit making up the lyrics, but Merchant felt that, by dropping his head when questioned, appellant was indicating that he made up the song.

prohibit the Commonwealth from introducing evidence not disclosed, or the court may enter such other order as it deems just under the circumstances."  Code § 19.2-265.4.

"In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity.  To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citation omitted).  "The goal of the contemporaneous objection rule is to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action."  Campbell, 12 Va. App. at 480, 405 S.E.2d at 2.

If appellant had objected while Merchant was testifying, the trial court would have had the option of striking Merchant's testimony and directing the jury to disregard it.  The court could also have taken a recess to allow Moore to consider this revelation and how to incorporate it into his cross-examination of Merchant.  But Moore denied the trial court all but one remedy--setting aside the jury's verdict--by delaying until after the trial to raise this issue.  Accordingly, Moore's objection was not timely, and Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

For the foregoing reasons, the trial court did not err when it admitted Moore's prior testimony to be read to the jury and into evidence.  Likewise, the trial court did not err when it denied Moore's motion to set aside the jury's verdict.  Accordingly, we affirm the convictions.

<u>Affirmed</u>.