COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bray and Humphreys
Argued at Richmond, Virginia


GARY SANTOS GUZMAN

                                    MEMORANDUM OPINION* BY
v.    Record No. 2329-01-2           JUDGE RICHARD S. BRAY
                                        JUNE 25, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge

            Christopher C. Booberg (Theodore Tondrowski;
            Thorsen & Scher L.L.P., on brief), for
            appellant.

            Margaret W. Reed, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Gary Santos Guzman (defendant) was convicted in a bench trial

for assault and battery of his son, F.G., a violation of Code

§ 18.2-57.2. On appeal, he challenges the sufficiency of the

evidence to prove the offense, arguing he acted with reason and

moderation to "prevent a dangerous situation" and "punish [F.G.]

for ignoring his directives." Finding no error, we affirm the

conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In reviewing the sufficiency of the evidence, we consider the record "'in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom. In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence. See Code § 8.01-680.

Viewed accordingly, the record discloses that, on the evening of November 24, 2000, defendant's daughter, A.G., age twelve, was "[l]aying down with [her baby sister] on the couch" when the infant began "crying." While defendant was "telling [the baby] to be quiet," A.G. "told him to stop," and he "hit" A.G. "[o]nce" "[o]n the face" with his "[o]pen" "hand." Defendant then turned his attention to F.G., his ten-year-old son "sitting by the fireplace," "wrestling with [the fire]." Defendant "told him to stop" and, when F.G. didn't comply, "started hitting him," "once or twice," "[o]n his face" with a "closed" "hand."

-

Chesterfield County Police Officer J.A. Blankenship responded to the Guzman residence on the evening of the incidents.  Investigating, Blankenship noticed "a small laceration in the corner of [F.G.'s] right eye, sort of upon his nose area" and "a scrape on his right shin" and arrested defendant for the instant offense.

Recalling the events in issue, defendant testified his infant had begun to cry, and, as he "tried to tell her to be quiet," A.G. "reacted to [him] yelling" at the child.  Defendant admitted "[he] was just frustrated," because "it was really hard enough with the two-year-old," without A.G. "trying to talk back at [him]."  However, defendant claimed he "did not smack" A.G., but "gently put [his] hand on the side of her face and rubbed it as an insinuation that [he] [would] smack her if she [didn't] stop."

Defendant further testified that F.G. then "started playing with [the] fire," using "a stick" to "go[] up inside the fire" and "mov[e] the charcoal around."  When defendant "told him to quit it," F.G. "took [the stick] out," "put it on the rug, and it started burning the rug."  Defendant then "grabbed [F.G.] on the shoulder," "shoved him on the floor," "moved him away from the fire," "took the stick away and put [the fire] out."  Defendant admitted he "may have smacked [F.G.] on the face," but denied "punch[ing] him twice," adding, "if I had . . . , there'd be a bruise on his face, not a scratch."

-

On cross-examination, defendant initially testified that he "may have had one beer" during the evening, but later admitted he "[couldn't] recall how many [he] may have had."  Asked by the prosecutor, "[h]ow exactly did you put [F.G.] on the floor," defendant responded:

> I grabbed his arm and pulled him away from
> the fire.  In the meantime, he was falling
> down off of the log, and he fell onto the
> floor.  That's when I got on him, and I put
> my arm on him and smacked his butt and then
> smacked him on the face and told him, I told
> you to get away from there.  I don't have to
> tell you ten times to get away from the
> fire.

At the conclusion of all the evidence, defendant moved to strike the Commonwealth's argument, characterizing his conduct as "well within the bounds of . . . what courts are going to say is allowable, given personal viewpoints on what discipline is supposed to be."  The trial court, however, disagreed, overruled the motion and convicted defendant of the subject offense, resulting in this appeal.

## II.

> [W]hile parents or persons standing in loco
> parentis may administer such reasonable and
> timely punishment as may be necessary to
> correct faults in a growing child, the right
> cannot be used as a cloak for the exercise
> of uncontrolled passion, and [a parent] may
> be criminally liable for assault and battery
> if he inflicts corporal punishment which
> exceeds the bounds of due moderation.

-

Harbaugh v. Commonwealth, 209 Va. 695, 697-98, 167 S.E.2d 329, 332

(1969); see also Carpenter v. Commonwealth, 186 Va. 851, 860-61,

44 S.E.2d 419, 420-21 (1947).

> [W]here a question is raised as to whether
> punishment had been moderate or excessive,
> the fact is one for the [fact finder] to
> determine from the attending circumstances,
> considering the age, size and conduct of the
> child, the nature of the misconduct, and the
> kind of marks or wounds inflicted on the
> body of the child.

Harbaugh, 209 Va. at 698, 167 S.E.2d at 332.

Here, defendant, consuming alcohol and admittedly

"frustrated" by his children's behavior, "smacked [his son] on the

face," "once or twice," with a "closed" "hand." As a result,

F.G., age ten, suffered a "laceration in the corner of his right

eye," "upon his nose area," and "a scrape on his right shin."

Such circumstances support the finding that defendant committed an

assault and battery upon F.G., notwithstanding his testimony to

the contrary. See Marable v. Commonwealth, 27 Va. App. 505,

509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging

witness credibility, the fact finder is entitled to disbelieve the

self-serving testimony of the accused and to conclude that [he] is

lying to conceal his guilt.").

Accordingly, we find the evidence sufficient to support the

conviction and affirm the trial court.

Affirmed.

-