COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


KATRINA M. McKEEL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1734-05-1                      JUDGE ROBERT P. FRANK
                                                    DECEMBER 19, 2006

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                            David F. Pugh, Judge

          Matthew D. Danielson (Law Offices of Tom McGrath, on brief), for
          appellant.

          Leah A. Darron, Senior Assistant Attorney General (Robert F.
          McDonnell, Attorney General; Karri B. Atwood, Assistant Attorney
          General, on brief), for appellee.


        Katrina McKeel, appellant, in a bench trial, was convicted of driving under the influence of

alcohol, in violation of Code § 18.2-266. [1] The question for decision in this case is the same as

that presented and today decided in Brooks v. Commonwealth, ___ Va. App. ___, ___ S.E.2d

___ (Dec. 19, 2006), that is, whether the trial court erred in admitting a certificate of analysis

without requiring the testimony of the person who performed the analysis, in violation of the

Confrontation Clause of the Sixth Amendment.

        The question arose in this case when Officer Joseph Ducey of the Newport News Police

Department arrested appellant for driving under the influence of alcohol. After the arrest, a

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The parties submitted a statement of facts in lieu of a transcript pursuant to Rule 5A:8.

sample of appellant's breath was taken.[2] The operator conducting the breath test was not Officer

Ducey, but Officer Gordon Mayer, also of the Newport News Police Department.

As a result of the breath test, a "Certificate of Blood Alcohol Analysis" was generated.

As required by Code § 18.2-268.9, appellant was provided a copy of this certificate.[3]

At trial, the Commonwealth called only Officer Ducey to testify. Officer Mayer did not

appear as a witness. The Commonwealth sought to enter the certificate of blood alcohol analysis

pursuant to Code §§ 18.2-268.9 and 19.2-187.[4] Appellant conceded that the Commonwealth had

met all statutory requirements in order to admit the certificate as evidence at trial. However,

appellant objected to the certificate's admission on the grounds that it constituted inadmissible

hearsay and that, under the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36

(2004), the admission of the certificate violated the Confrontation Clause of the Sixth

Amendment of the Constitution.

The Commonwealth argued that the certificate, as scientific evidence, fell outside the

definition of testimonial hearsay as discussed in Crawford. Further, the Commonwealth

maintained that appellant's rights to cross-examination and confrontation were preserved under

---

[2] Appellant admits that the breath sample was properly taken.

[3] The statement of facts does not reveal when appellant was provided a copy of the certificate.

[4] Code § 18.2-268.9 provides in relevant part, "This certificate, when attested by the individual conducting the breath test, shall be admissible in any court in any criminal or civil proceeding as evidence of the facts therein stated and of the results of such analysis."
Code § 19.2-187 requires the Commonwealth to file any certificate of analysis, including those of blood alcohol analysis, see Cregger v. Commonwealth, 25 Va. App. 87, 486 S.E.2d 554 (1997), with the clerk of the court hearing the case at least seven days prior to the hearing or trial and to mail or deliver, upon request of counsel, a copy of the certificate to counsel of record for the accused at least seven days prior to the hearing or trial.

Code § 19.2-187.1,[5] which provides a defendant in a criminal trial the right to subpoena any person performing the analysis at issue and examine him as an adverse witness. Appellant contended that Code § 19.2-187.1 unconstitutionally shifts the burden of proving the Commonwealth's case to the defendant. The trial court overruled appellant's objection and admitted the certificate of blood alcohol analysis into evidence. This appeal follows.

Appellant's sole contention on appeal is that the attestation clause of the certificate of blood alcohol analysis and the results of that analysis constitute testimonial hearsay under the Supreme Court's ruling in Crawford. Although the certificate met all Virginia statutory requirements for admission as evidence at trial, appellant argues the trial court's decision to admit the certificate without requiring the testimony of the operator of the breath test violated her rights to confrontation and cross-examination under the Sixth Amendment of the Constitution.

Brooks, ___ Va. App. ___, ___ S.E.2d ___, holds that under circumstances such as those here presented, appellant waived her Sixth Amendment rights to confrontation and cross-examination by failing to avail herself of her statutory right under Code § 19.2-187.1 to subpoena the operator of the breath test.[6] The analysis in Brooks is applicable with equal force here and is conclusive of the question for decision.

_____

[5] Code § 19.2-187.1 expressly provides:

> The accused in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187 or § 19.2-187.01 shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness.

[6] As in Brooks, we need not address the second prong of appellant's argument that the statute unconstitutionally shifts the burden to an accused to present evidence at trial. Because appellant never requested the presence of the breath test operator at trial, the trial court could not consider the question of whether this witness must be called by the Commonwealth during its case-in-chief, or whether this witness must be called by the defense. As this argument was not properly before the trial court, we do not address it on appeal.

We find appellant waived her right of confrontation.  Thus, the trial court did not err by admitting the certificate of blood alcohol analysis without the live testimony of the operator of the breath test.

Affirmed.