# Richmond

ROBERT ANDERSON LADD, III, SOMETIMES KNOWN AS ROBERT
A. LADD, III v. C. H. LAMB, ACTING COMMISSIONER OF
THE DIVISION OF MOTOR VEHICLES OF THE COM-
MONWEALTH OF VIRGINIA.

May 3, 1954.

Record No. 4238.

Present, All the Justices.

The opinion states the case.

*Emanuel Emroch*, for the appellant.

*J. Lindsay Almond, Jr., Attorney General* and *D. Gardiner Tyler, Assistant Attorney General,* for the appellee.

MILLER, J., delivered the opinion of the court.

C. H. Lamb, Acting Commissioner of Motor Vehicles, hereinafter called appellee, revoked the operator's and chauffeur's licenses of Robert Anderson Ladd, III, for a period of sixty days. This order of revocation was entered under the provisions of section 46-416.1, 1952 Supplement, Code of 1950 (Acts 1952, ch. 666, p. 1117) because Ladd had been convicted of two successive charges of driving a motor vehicle at an unlawful rate of speed, which offenses had been committed within a period of twelve months.

Upon receipt of this order of revocation, Ladd filed his bill in equity praying that the Acting Commissioner be restrained from enforcing the order because of the alleged invalidity of one of the convictions. A demurrer interposed by the Commissioner to the bill of complaint was sustained, and we granted Ladd an appeal.

The following allegations are made in the bill and admitted by the demurrer.

Appellant was convicted on November 8, 1952, in the Trial Justice Court of Prince George county on a plea of guilty to a charge that he operated a motor vehicle at an unlawful rate of speed, that is, he did exceed the speed limit by operating a truck at 70 miles per hour.

 On January 4, 1953, appellant was arrested in the city of Richmond for violating the city traffic ordinance. A summons was given to him by the arresting officer pursuant to section 40-170,[1] Traffic Code of the city of Richmond, which cited him to appear before the Police Court of the city of Richmond on a designated day and time to answer a charge of "speeding" on North Boulevard. Appellant was present

---

[1] This section of the Traffic Code of the city of Richmond substantially parallels section 46-193, Supplement, Code of Virginia, 1950.

at the Traffic Court on January 9, 1953, the date designated in the summons and was convicted on the charge of "speeding."

When this conviction was rendered by the judge of the Traffic Court, he recorded and entered it by making a notation on the back of the summons "convicted—Speeding F $10.00 C $2.35," and then signed the judgment.

Under date of June 8, 1953, the clerk of the Traffic Court forwarded to the Acting Commissioner of Vehicles an abstract of conviction which recited the name and address of the accused and the fact that he was convicted on January 9, 1953, for "speeding" and that the penalty imposed was "fine $10.00 and costs $2.35."

Appellant asserts that the Commissioner's order of revocation is invalid because:

(1) The offense of "speeding" set out in the summons did not charge a criminal offense; the conviction of "speeding" was not a valid conviction; and the abstract of conviction sent the Acting Commissioner was insufficient and void;

(2) The abstract of conviction was not forwarded by the clerk of the Traffic Court to the Motor Vehicle Commissioner immediately "upon the expiration of fifteen days after conviction" as required by section 46-414, 1952 Supplement, Code of 1950, and is for that reason void; and

(3) Section 46-416.1, 1952 Supplement, Code of 1950, is unconstitutional and void.

The traffic ordinance of the city of Richmond in effect when appellant's alleged offense occurred fixed certain speed limits for motor vehicles in different areas or parts of the city, and this ordinance was incorporated in the bill and was before the court when the demurrer was sustained. It is not contended that the ordinance is invalid.

When appellant was arrested on North Boulevard in the city of Richmond and cited to appear in the summons, he was aware that he was charged with operating his motor vehicle at an unlawful rate of speed.

The offense of "speeding" set out in the summons was sufficient to advise appellant that he was charged with exceeding the speed limit fixed by law for the area in which he was operating his motor vehicle, and thus he was aware of what offense he was called upon to defend. If, at or before his trial, he had desired that the charge be made more specific, he could have asked that such be done by amendment of the summons or by a bill of particulars. Or he could have requested that the charge be reduced to writing in the form of a warrant as provided for in section 16-5, Code of Virginia, 1950, and that the speed at which he was operating his car be stated.

In the decree sustaining the demurrer, the trial judge found that the charge of "speeding" in the summons and in the abstract of conviction forwarded to the Acting Commissioner was sufficient. The decree makes this recital and finding:

"1. That the use of the word 'speeding' in the Summons upon which the complainant was tried in the Traffic Court of the City of Richmond on January 9, 1953, is a sufficient allegation of unlawful operation of a motor vehicle in excess of authorized rates of speed; that any uncertainty in such allegation is not a fatal defect but was subject to being made certain by a bill of particulars if the complainant had demanded the same as necessary to preparation of a defense;

"2. That the use of the word 'speeding' in the judgment of the said Traffic Court and in the Abstract of Conviction issued pursuant thereto is likewise sufficient to support the action of the defendant in revoking the operator's license of the complainant."

We agree with the trial court and conclude that the charge of speeding on North Boulevard, the judgment of conviction entered by the Traffic Court and the abstract that was forwarded to the Acting Commissioner of Motor Vehicles were sufficient.

██ The pertinent part of section 46-414, *supra*, requiring the clerk to certify a copy or abstract of conviction follows:

"The clerk of the court * * * shall forward to the Commissioner a certified copy or abstract of any conviction and of any forfeiture of bail or collateral deposited to secure a defendant's appearance in court unless the forfeiture has been vacated, * * * immediately upon the expiration of fifteen days after the conviction or forfeiture or judgment has become final without appeal * * *."

Section 46-415, Code of 1950, declares that the failure, refusal or neglect "without reasonable cause", of any person required to do so, to forward a record or abstract of conviction to the Commissioner shall constitute a misdemeanor. It also imposes upon the Commissioner the duty to call to the attention of the judge of the court and the commonwealth's attorney the failure of any officer of the court to comply with the requirements of section 46-414.

If the time limit in which the abstract of conviction must be certified to the Commissioner is mandatory, then the failure to comply therewith would vitiate the abstract and preclude the entry of any order revoking the operator's license.

"A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding; and a statute may be mandatory in some respects, and directory in others." 82 C. J. S., Statutes, section 374, p. 868.

"As a rule a statute prescribing the time within which public officers are required to perform an official act regarding the rights and duties of others, and enacted with a view to the proper, orderly, and prompt conduct of business, is directory unless it denies the exercise of the power after such time, or the phraseology of the statute, or the nature of the act to be performed, and the consequences of doing or failing to do it at such time are such that the designation of the time must be considered a limitation on the power of the officer. When the legislature prescribes the time when an official act is to be performed, the broad legislative purpose is to be considered in deciding whether the time prescribed is directory or

mandatory. * * *" 67 C. J. S., Officers, sec. 114(b), p. 404.

Of like effect is 50 Am. Jur., Statutes, sec. 23, *et seq.*

Section 46-415 prescribes the penalty for failure to forward a certified copy or abstract of conviction to the Commissioner. Neither in this section nor in section 46-414, *supra*, is there any indication that the failure of the clerk of the court to comply with the mandate of the statute invalidates the conviction or the abstract or precludes entry of an order revoking the operator's licenses.

"The right of a citizen to travel upon the public highways is a common right, but the exercise of that right may be regulated or controlled in the interest of public safety under the police power of the State. The operation of a motor vehicle on such highways is not a natural right. It is a conditional privilege, which may be suspended or revoked under the police power. The license or permit to so operate is not a contract or property right in a constitutional sense." *Commonwealth* v. *Ellett*, 174 Va. 403, 414, 4 S. E. (2d) 762, 767. *Tate* v. *Lamb*, 195 Va. 1005, 81 S. E. (2d) 743, this day decided.

Section 46-388, Code of 1950, declares that it is the intent of the legislature that the Motor Vehicle Safety Responsibility Act shall be liberally construed so as "to promote and further greater safety in the operation of motor vehicles in this state."

To hold that the time limit in which the clerk of the court shall forward the abstract of conviction to the Commissioner was mandatory insofar as it affects appellant's license to operate a motor vehicle, and a failure to comply with that provision rendered the abstract invalid would be a narrow and unreasonable construction in conflict with the expressed legislative intent. It would be in the interest of the offender and would result in serious impairment of the public interest that these statutes were intended to protect.

We find no indication in the letter or spirit of these statutes that the legislature intended to free the violator of the consequences of his convictions because of the failure of the clerk of the court promptly to notify the Commissioner that the

violator had been convicted. The statute expressly visits the sole consequence of failure to perform the duty upon the offending officer and thus negatives the idea that his dereliction should inure to the benefit of the offending motor vehicle operator. The delay in forwarding the abstract to the Commissioner did not invalidate the conviction or the abstract evidencing the conviction.

In the case of *Tate* v. *Lamb, supra,* section 46-416.1, *supra,* is held to be constitutional for reasons there stated; hence the assignment of error in this case that challenges its constitutionality need not be dealt with.

The decree appealed from is affirmed.

*Affirmed.*