# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Brian Whiddon

December 18, 1997

Case No. (Law) 162997

BY JUDGE LESLIE M. ALDEN

This matter comes on upon Mr. Whiddon's motion to set aside an order adjudicating him to be an habitual offender. Whiddon claims that the Order is invalid because it was entered before the expiration of the 120-day show cause period set out in Virginia Code § 46.2-351.2. For the reasons that follow, the Court finds that the Order is not invalid; however, the Motion to Set Aside is granted.

The record shows that on July 10, 1997, Whiddon was convicted in this Court of the offense of driving on a suspended license, a conviction which made him eligible for an habitual offender determination. A rule to show cause was issued that day and was returnable to the Court on October 23, 1997. On that date, Whiddon appeared with counsel and objected to the entry of the Order which adjudicated him an habitual offender. Within 21 days of that date, Whiddon, with new counsel, sought to set aside the Order because the show cause hearing was set inside of 120 days. Va. Code § 46.2-351.2 provides, in pertinent part, that the show cause proceeding shall be held not less than 120 days from the date the show cause summons was issued. Here, the hearing was held 110 days after the show cause summons was issued.

Whiddon contends that the 120-day period set out in the statute is a mandatory period within which the Court has no jurisdiction to act; therefore, the Order is void. The Commonwealth contends that the requirement of a 120-day period is merely directory, and in any event, Whiddon appeared at the hearing and waived any objection to its timeliness.

A mandatory provision in a statute is one which, if not followed, renders the proceeding to which it relates illegal and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding; and a statute may be mandatory in some respects and directory in others. *Ladd v. Lamb*, 195 Va. 1031, 1035 (1954). As a rule, a statute prescribing the time within which public officers are to perform an official act regarding the rights and duties of others and enacted with a view to the proper, orderly, and prompt conduct of business is directory unless it denies the exercise of the power after such time or unless the statute manifests an intent to act as a limitation upon the power of the officer. *Id.* Directory provisions in a statute are procedural in nature, and precise compliance therewith is not deemed to be essential to the validity of the proceedings, absent infringement of a substantive right. *Jamborsky v. Baskins*, 247 Va. 506, 511 (1994); *Caccioppo v. Commonwealth*, 20 Va. App. 534 (1995).

In accord with these principles, the Court finds the 120-day show cause period contained in § 46.2-351.2 to be procedural in nature and not a limitation on the power or authority of the Court to act. Therefore, the Order entered is valid. However, in light of the Defendant's claim that he intends to assert a substantive defense to the habitual offender determination, the Court, in its discretion, will vacate the Order and allow Whiddon the benefit of the full procedural show cause period in this case. Although a defendant may waive a procedural right to observance of this show cause period, the Court will not find a waiver here where Whiddon objected to the entry of the Order before the expiration of the statutory period.

The matter is set for hearing for January 8, 1998, at 10:00 a.m.