PRESENT:  ALL THE JUSTICES

WILLIE WALTER BUTLER, JR.

v.  Record No. 012826  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    November 1, 2002
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we decide whether a defendant was entitled to a continuance of his trial when the jury panel had to be reconstituted and the defendant's attorney did not receive the new jury panel list forty-eight hours prior to trial in accordance with the provisions of Code § 8.01-353.  Because we conclude that the requirements of that statute are directory rather than mandatory and that the defendant suffered no specific prejudice, we will affirm the judgment of the Court of Appeals, which affirmed the circuit court's refusal to grant the defendant's motion for a continuance.

I. FACTS AND MATERIAL PROCEEDINGS

The appellant, Willie Walter Butler, Jr., was indicted for first-degree murder and forcible sodomy.  Immediately following opening statements at his trial, a juror suddenly became ill.  The circuit court subsequently recessed the trial until the next morning.  The juror appeared the following day but advised the court that she was still ill

and could not continue to sit on the case as a juror. At that point, Butler moved for a mistrial. The court granted Butler's motion and indicated that it would continue the trial to the next day.

The Commonwealth, however, opposed a continuance because it had three out-of-state witnesses who needed to leave that day. The Commonwealth wanted to proceed with the trial and informed the court that a new jury panel was available in an adjacent courtroom because another trial had been canceled. Butler's counsel then advised the court that the defense could not be ready to proceed that day because he needed time to "regroup and get ready for a new jury." Defense counsel also stated that he had not seen the new jury panel list. Consequently, Butler moved for a continuance in order to prepare for voir dire of another jury panel, to consult with his client about the new potential jurors, and to investigate any conflicts of interest regarding those jurors. Butler objected to using any of the jurors who were already seated and had heard opening statements. He insisted that he was entitled to a "brand new jury," and the court agreed.

After another recess, the court announced that a new panel of jurors was available and that a list of those jurors was being prepared so that counsel could review it.

2

The court indicated that, after counsel had done so, it intended to attempt to seat a jury from that panel and proceed with the trial that day. Butler objected, arguing that Code § 8.01-353 requires that a copy of the jury panel be made available to counsel at least forty-eight hours before trial. Continuing, Butler's counsel asserted that the defense needed time to prepare for the new jury and that it was prejudicial to the defendant to be required to go forward just to accommodate the Commonwealth's witnesses.

The Commonwealth again opposed Butler's request for a continuance, arguing that Code § 8.01-353 should not be strictly construed against the Commonwealth and that the proper remedy would be for defense counsel to review the new jury list with Butler and then proceed with the trial that day. Relying on Code § 8.01-355, the court denied Butler's motion for a continuance but recessed in order for Butler's counsel to review the new jury panel list. After counsel had done so and before voir dire of the new prospective jurors, the court asked Butler's counsel if there was "anything else that's not cumulative that [he would] like to say before we proceed." Counsel responded, "No, your Honor." Without further objection by Butler, a jury was then selected and seated from the new panel.

3

After hearing the evidence, the jury found Butler guilty of both charges.

Butler appealed his convictions to the Court of Appeals. Relying on this Court's decision in Norfolk Southern Ry. Co. v. Bowles, 261 Va. 21, 539 S.E.2d 727 (2001), the Court of Appeals held that the circuit court did not err "in reconstituting the original jury panel and proceeding with trial." Butler v. Commonwealth, Record No. 0185-01-1 (Dec. 11, 2001). The court noted that "unanticipated circumstances arose that necessitated reconstitution of the original jury panel and, pursuant to Code § 8.01-355, an alternate panel was summoned for the trial." Id. The Court of Appeals thus affirmed Butler's convictions, and he now appeals from that judgment.[1]

## II. ANALYSIS

On appeal, Butler asserts that the "Court of Appeals erred in affirming the trial court's decision forcing Butler to go to trial where a copy of the jury panel to be used for trial had not been made available to defense counsel at least [forty-eight] hours before the trial, contrary to the requirements of . . . Code § 8.01-353."

---

[1] A summary of the evidence supporting Butler's convictions is not necessary to the issue presented on appeal.

Butler claims that the provisions of Code § 8.01-353

"mandate" that a copy of the jury panel be provided to

counsel forty-eight hours prior to trial.  We do not agree.

The pertinent portion of Code § 8.01-353 reads as

follows:

> Upon request, the clerk or sheriff or other
> officer responsible for notifying jurors to
> appear in court for the trial of a case shall
> make available to all counsel of record in that
> case, a copy of the jury panel to be used for the
> trial of the case at least forty-eight hours
> before the trial.[2]

This same statute was at issue in <u>Bowles</u>, 261 Va.

at 27, 539 S.E.2d at 730.  In that case, inclement

weather forced all potential jurors to be placed into

a combined pool.  <u>Id.</u>  That pool was used first for

selecting a jury for a criminal case with the

remaining jurors being made available for the <u>Bowles</u>

trial.  <u>Id.</u>  Ultimately, the jury chosen from the pool

to hear the <u>Bowles</u> case contained six persons who were

not on the jury panel list previously furnished to

Norfolk Southern's counsel.  <u>Id.</u>

After examining the statutory procedures for

empanelling a jury and recognizing the importance of

---

[2] It is not clear from the record whether Butler's
counsel requested a copy of the new jury panel list from
the clerk or sheriff, but he made his request known to the
circuit court.

complying with those procedures designed to insure the presence of a fair and impartial jury, we, nonetheless, held that the statutory scheme set forth in Code § 8.01-353 does not "contemplate that a full and accurate jury panel list will always be available for counsel forty-eight hours before the trial of the case." Id. at 28, 539 S.E.2d at 731. As an example, we pointed out that Code §§ 8.01-353 and –355 "allow the trial judge to delay the appearance of previously-summoned members of a jury panel and to call persons on the term list to serve for a particular trial, even though those persons were not on the jury panel list." Id. We recognized that these provisions take into account the fact that "unanticipated circumstances requiring alternate means of securing a jury panel will arise." When such circumstances occur, "the members of the actual jury panel necessarily will vary from those persons listed on a jury panel list provided forty-eight hours before trial." Id.

Butler argues that the present case is distinguishable from Bowles primarily for three reasons. First, Bowles was a civil case, as opposed to a criminal case. Next, it involved the substitution of only some of the members of the original jury panel rather than the reconstitution of the entire jury panel as happened here. Butler

6

acknowledges that Code § 8.01-353 contemplates that trial counsel may be expected to cope with the addition of a few panel members not included on the original list but that Code § 8.01-353 does not allow for the "wholesale wavier of the requirement for a jury list [forty-eight] hours in advance of trial."  Finally, in Bowles, Norfolk Southern asserted that failure to comply with the statute was a per se error that did not require a showing of prejudice, whereas Butler claims that he did suffer prejudice.  We are not persuaded by Butler's arguments.

In Bowles, we did not decide the question whether the pertinent provisions of Code § 8.01-353 are mandatory in nature or merely directory.  We answer that question today because Butler complains about the fact that the entire jury panel was reconstituted in this case.  To do so, we need look no further than the language utilized in that statutory provision.

Although Code § 8.01-353 states that a copy of the jury panel "shall" be made available to counsel upon request, we have repeatedly held "that the use of 'shall,' in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent."  Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994); accord Tran v. Board of Zoning

7

Appeals of Fairfax County, 260 Va. 654, 657-58, 536 S.E.2d 913, 915 (2000); Commonwealth v. Wilks, 260 Va. 194, 199-200, 530 S.E.2d 665, 667 (2000); Commonwealth v. Rafferty, 241 Va. 319, 324, 402 S.E.2d 17, 20 (1991). As far back as 1888, when this Court addressed a statute that used the term "shall," we stated that "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." Nelms v. Vaughan, 84 Va. 696, 699, 5 S.E. 704, 706 (1888).

Code § 8.01-353 contains no prohibitory or limiting language that prevents a trial from proceeding when circumstances necessitate that part or all of a jury panel be reconstituted and counsel, consequently, has not received a list of the new jury panel forty-eight hours prior to trial. Nor is there any language that renders the result of a trial in that situation invalid. Absent such language, we hold that the provisions of Code § 8.01-353 at issue in this case are directory rather than mandatory. Thus, a failure to comply with those provisions is not a per se basis for reversing a trial court's judgment in either a civil or a criminal case.

This conclusion does not mean that, in every instance when a jury panel has to be reconstituted, a trial court can require a party to proceed to trial without the benefit of a continuance in order for counsel to receive the new panel list in accordance with the provisions of Code § 8.01-353. As we recognized in Bowles, "[t]he right to a jury trial is one of the cornerstones of our legal system," and the process of securing a fair and impartial jury includes "the ability of the parties to investigate potential jurors for information which may disqualify a juror for cause or otherwise impact the jury selection process." 261 Va. at 28, 529 S.E.2d at 731. Thus, adherence to the provisions of Code § 8.01-353 is required to the extent necessary to insure due process. When dealing with a statute whose terms are directory, "[a]ny determination whether a [party] has suffered prejudice constituting a denial of due process must be made on a case-by-case basis." Jamborsky, 247 Va. at 511, 442 S.E.2d at 639; accord Tran, 260 Va. at 658, 536 S.E.2d at 916; Wilks, 260 Va. at 201, 530 S.E.2d at 668.

Despite Butler's argument to the contrary, he has not demonstrated that he suffered any specific prejudice that constituted a denial of due process as a result of the circuit court's refusal to grant his motion for a

9

continuance when the jury panel had to be reconstituted in this case. Butler does not dispute the necessity of discharging the juror who became ill nor did he do so at trial. In fact, Butler is the party who moved for a mistrial. When the court inquired of the parties whether they believed the remaining jurors could continue to sit on the case, meaning that only one new juror would be needed, Butler insisted on having a "brand new jury." As soon as the new panel list was prepared, the court gave counsel time to review that list. After doing so, Butler's counsel voiced no specific need for additional time in which to investigate any particular juror on the new list. In fact, when asked by the court at that time if he had anything that was not cumulative to say before proceeding, Butler's counsel answered, "No, your Honor."

Thus, we conclude that the circuit court did not abuse its discretion in refusing to grant Butler's motion for a continuance when the jury panel had to be reconstituted. The Commonwealth had out-of-state witnesses who needed to leave that day, the trial had already been postponed one day because the juror became ill, and Butler, after reviewing the list of the new jury panel, did not identify any specific prejudice that would result from proceeding with the trial. "A trial court's ruling on a motion for a

continuance will be reversed on appeal only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant." Mills v. Mills, 232 Va. 94, 96, 348 S.E.2d 250, 252 (1986) (citing Autry v. Bryan, 224 Va. 451, 454, 297 S.E.2d 690, 692 (1982)). "Abuse of discretion and prejudice to the complaining party are essential to reversal." Ferguson v. Colonial Pipeline Co., 206 Va. 719, 722, 146 S.E.2d 173, 175 (1966).

### III. CONCLUSION

For these reasons, we will affirm the judgment of the Court of Appeals.

Affirmed.

11