COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Elder and Kelsey
Argued at Salem, Virginia


ALVIN KURT WILLIAMS
                                                            OPINION BY
v.        Record No. 1797-02-3                      JUDGE LARRY G. ELDER
                                                            APRIL 27, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Joseph R. Winston, Special Appellate Counsel (Public Defender
Commission, on briefs), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on brief), for appellee.


Alvin Kurt Williams (appellant) appeals from his conviction for election fraud in

violation of Code § 24.2-1016.  On appeal, he contends the Commonwealth was required to

prove as an element of the offense that the voter registration form he signed included a warning

that a willfully false material statement on that form would constitute election fraud and would

be punishable as a Class 5 felony.  We hold a conviction under the statute required proof only

that appellant made a willfully false material statement on the registration form[1] and did not

require proof that the form apprised him such a statement would constitute election fraud.  Thus,

we affirm.

_____

    [1] On appeal, appellant does not contest the sufficiency of the evidence to prove he made a
willfully false material statement on the voter registration form.  Thus, we do not address that
issue in this appeal.

I.

BACKGROUND

In 1982, appellant was convicted of a total of nineteen felonies, for which he "did time."

In 1997, appellant registered to vote through the Department of Motor Vehicles. He signed a

form that included the following attestation clause:

> I do hereby state, *subject to the penalties for false statements set forth above*[,] that I am a citizen of the United States, a resident of Virginia, qualified and entitled under the Constitution and laws of the Commonwealth of Virginia to register to vote and that the information given above is true and correct to the best of my knowledge.

(Emphasis added). No evidence admitted at trial established what "the penalties for false

statements set forth above" on the registration form actually were. In May 1998, appellant voted

in the city council election.

In late 1998, appellant was identified as someone who may have committed voter

registration fraud. Following an investigation in which appellant admitted signing the voter

registration form and "check[ing] 'no' in the block which asked if he had ever been convicted of

a felony," he was indicted and tried for the instant offense.

Appellant argued the evidence was insufficient to convict him because it failed to prove,

*inter alia*, that the form he signed included a statement that making a willfully false material

statement on the voter registration form was election fraud, a Class 5 felony. The trial court

ruled proof that such a statement was included on the form was not an element of the offense and

convicted appellant of election fraud. The trial court then sentenced appellant to two years but

suspended the sentence "on condition of one year probation, two years good behavior and a $300

fine."

ANALYSIS

Appellant was convicted for election fraud in violation of Code § 24.2-1016. That statute provides as follows:

> Any willfully false material statement or entry made by any person in any statement, form, or report required by this title shall constitute the crime of election fraud and be punishable as a Class 5 felony. Any preprinted statement, form, or report shall include a statement of such unlawful conduct and the penalty provided in this section.

Code § 24.2-1016.

Appellant contends the Commonwealth was required to prove the voter registration form he signed contained a warning that a willfully false material statement on that form constituted election fraud and was punishable as a Class 5 felony. For the reasons that follow, we disagree.

"In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature." Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997) (citing City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995)). "That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, we do not rely on rules of statutory construction or parol evidence, unless a literal application would produce a meaningless or absurd result." Id. (citations omitted). "Although [ambiguous] penal laws are to be construed strictly [against the Commonwealth], they 'ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted). Absent ambiguity, "the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction." Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997).

The first sentence of Code § 24.2-1016 expressly and unambiguously sets out the elements of the offense of election fraud. That sentence provides that "[a]ny willfully false material statement or entry made by any person in any statement, form, or report required by this title *shall constitute the crime of election fraud* and be punishable as a Class 5 felony." Code § 24.2-1016 (emphasis added). The legislature did not include in the sentence listing the elements a requirement that such a false statement would constitute election fraud *only if* the preprinted statement, form, or report includes a statement that such conduct is unlawful and is punishable as a Class 5 felony. Rather, it stated in a separate sentence that "[a]ny [such] preprinted statement, form, or report shall include a statement [that such conduct is unlawful and is punishable as a Class 5 felony]." Id.

As the Commonwealth aptly notes, the Supreme Court "[has] repeatedly held," in both the civil and criminal context, "'that the use of "shall," in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent.'" Butler v. Commonwealth, 264 Va. 614, 619, 570 S.E.2d 813, 816 (2002) (quoting Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994)); see also Nelms v. Vaughan, 84 Va. 696, 699-700, 5 S.E. 704, 705-06 (1888). "'[A] statute may be mandatory in some respects, and directory in others.'" Ladd v. Lamb, 195 Va. 1031, 1035, 81 S.E.2d 756, 759 (1954) (quoting 82 C.J.S., Statutes § 374, at 868 (1953)).

Here, the legislature could have stated that the proscribed behavior "shall constitute the crime of election fraud *but only if* the preprinted form includes [the stated language]." It did not.[2] It also provided neither (1) a remedy for an accused claiming the failure of the relevant

---

[2] The dissent cites the Supreme Court's holding in Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991), for the proposition that "when a penal statute contains a notice requirement, 'the notice requirement of the statute [is] a material element of the offense charged.'" Jimenez is not controlling.

- 4 -

public official to follow the language of the statute nor (2) a sanction against the relevant public official. See Wohlford v. Commonwealth, 3 Va. App. 467, 471, 351 S.E.2d 47, 49 (1986) ("We note that Code § 18.2-267(f) clearly reflects a legislative policy that law enforcement officers inform a suspect of his rights under this section. Yet the legislature has imposed no specific sanctions for failure to comply with the section."); cf. Troncoso v. Commonwealth, 12 Va. App. 942, 945, 407 S.E.2d 349, 350 (1991) (holding request to suppress evidence "is properly denied absent a showing that the evidence was seized pursuant to a constitutional violation or pursuant to violation of a statute which expressly provides suppression as a remedy for its breach"). Thus, it manifested an intent that the language at issue, whether directory or mandatory, is not an element of the offense.

Finally, appellant does not allege that the Commonwealth's failure to prove compliance with this notice provision nevertheless resulted in the denial of some substantive right or in a due process violation. See Butler, 264 Va. at 620, 570 S.E.2d at 816-17. Even if he had, he has alleged no prejudice, and we detect none. To the extent the purpose of requiring the provision is

_____

The statute at issue in Jimenez, Code § 18.2-200.1, provided as follows:

> "If any person obtain from another an advance of money,
> . . . with fraudulent intent, upon a promise to perform construction,
> . . . and fail or refuse to perform such promise, and also fail to
> substantially make good such advance, *he shall be deemed guilty
> of the larceny* of such money, merchandise or other thing *if he fails
> to return such advance within fifteen days of a request to do so
> sent by certified mail, return receipt requested*, to his last known
> address or to the address listed in the contract."

Jimenez, 241 Va. at 247, 402 S.E.2d at 679 (quoting Code § 18.2-200.1) (emphasis added in Jimenez). Thus, the legislature made clear that an accused could be convicted of larceny under Code § 18.2-200.1 only if the express terms of the statute's notice provision were met.

In appellant's case, by contrast, the provision of Code § 24.2-1016 relating to notice is *not* contained in the sentence in which the legislature set out the elements of the offense of election fraud, making clear the legislature's intent that notice is *not* an element of the crime of election fraud.

to notify the person registering to vote that making a false statement on the form is unlawful, the attestation clause in the record, below which appellant signed his name, makes clear that any "false statements" on the form are "subject to . . . penalties." The only thing omitted from the attestation clause is precisely what those penalties are. Thus, the record shows "substantial[] compli[ance]" with the challenged portion of the statute. See Nelms, 84 Va. at 699-700, 5 S.E. at 705-06.

III.

We hold a conviction under Code § 24.2-1016 requires proof only that the accused made a willfully false material statement on the specified form and does not require proof that the form apprised him such a statement would constitute election fraud. We also find no prejudice resulted to appellant from the failure of the registration form to comply with the provision at issue. Thus, we affirm appellant's conviction.

Affirmed.

Benton, J., dissenting.

A judge convicted Alvin Kurt Williams of violating the following statute when he signed

a voter registration form at the Department of Motor Vehicles:

> Any willfully false material statement or entry made by any
> person in any statement, form, or report required by this title shall
> constitute the crime of election fraud and be punishable as a Class
> 5 felony.  Any preprinted statement, form, or report shall include a
> statement of such unlawful conduct and the penalty provided in
> this section.

Code § 24.2-1016.  Fully defining the offense, this statute requires the preprinted voter

registration form to give notice of the offense and the penalty.

"'Where the legislature has used words of a plain and definite import the courts cannot

put upon them a construction which amounts to holding the legislature did not mean what it has

actually expressed.'"  Tazewell County Sch. Bd. v. Brown, 267 Va. 150, 162, 591 S.E.2d 671,

676-77 (2004) (citation omitted).  Moreover, the principle is well established that when a penal

statute contains a notice requirement, "the notice requirement of the statute [is] a material

element of the offense charged."  Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678,

681 (1991).  "Further, before an accused can be punished, 'his case must be plainly and

unmistakably within the statute.'"  Harward v. Commonwealth, 229 Va. 363, 365, 330 S.E.2d

89, 90 (1985) (citation omitted).

By putting this notice requirement within the text of the penal statute, "it [is] clear that

the General Assembly meant what it said."  Jimenez, 241 Va. at 251, 402 S.E.2d at 681.[3]  If any

_____

[3] No doubt the General Assembly was aware that the various states have a wide diversity
of laws governing whether, and to what extent, persons are disenfranchised from voting, see
Richardson v. Ramirez, 418 U.S. 24, 85 n.28 (1974) (Marshall, J., dissenting) (listing by state
various laws that do not disenfranchise former felons), and further was aware that the
"MotorVoter" law, which provides for voter registration in various non-traditional and less
formalistic forums, permits registration of persons moving into Virginia from those other states.
Upon changing a residence to Virginia, a person from another state where felons may vote might

doubt arises about why the General Assembly used two sentences rather than one unwieldy

sentence when defining the offense, that doubt must be resolved by strictly construing the statute.

> Penal statutes are to be strictly construed against the
> Commonwealth and in favor of the citizen's liberty.  Cox v.
> Commonwealth, 220 Va. 22, 25, 255 S.E.2d 462, 464 (1979).
> Such statutes may not be extended by implication; they must be
> applied to cases clearly described by the language used.  Price v.
> Commonwealth, 209 Va. 383, 385-86, 164 S.E.2d 676, 678 (1968).
> And the accused is entitled to the benefit of any reasonable doubt
> about the construction of a penal statute.  Enoch v.
> Commonwealth, 141 Va. 411, 436, 126 S.E. 222, 230 (1925).

Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982).

The record contains no proof that the voter registration form on which Williams made his

statement contained the notice required by Code § 24.2-1016.  Therefore, I would reverse the

conviction and dismiss the indictment.

---

conclude that the answer to the question "have you ever been convicted of a felony" on a voter
registration application would be wholly immaterial to the process of registering to vote.