*3 ELDER, Judge.
Alvin Kurt Williams (appellant) appeals from his conviction for election fraud in violation of Code § 24.2-1016. On appeal, he contends the Commonwealth was required to prove as an element of the offense that the voter registration form he signed included a warning that a willfully false material statement on that form would constitute election fraud and would be punishable as a Class 5 felony. We hold a conviction under the statute required proof only that appellant made a willfully false material statement on the registration form[1] and did not require proof that the form apprised him such a statement would constitute election fraud. Thus, we affirm.
I.
BACKGROUND
In 1982, appellant was convicted of a total of nineteen felonies, for which he “did time.” In 1997, appellant registered to vote through the Department of Motor Vehicles. He signed a form that included the following attestation clause:
I do hereby state, subject to the penalties for false statements set forth above[,] that I am a citizen of the United States, a resident of Virginia, qualified and entitled under the Constitution and laws of the Commonwealth of Virginia to register to vote and that the information given above is true and correct to the best of my knowledge.
(Emphasis added). No evidence admitted at trial established what “the penalties for false statements set forth above” on the registration form actually were. In May 1998, appellant voted in the city council election.
In late 1998, appellant was identified as someone who may have committed voter registration fraud. Following an investigation in which appellant admitted signing the voter registration form and “check[ing] ‘no’ in the block which asked if he *4 had ever been convicted of a felony,” he was indicted and tried for the instant offense.
Appellant argued the evidence was insufficient to convict him because it failed to prove, inter alia, that the form he signed included a statement that making a willfully false material statement on the voter registration form was election fraud, a Class 5 felony. The trial court ruled proof that such a statement was included on the form was not an element of the offense and convicted appellant of election fraud. The trial court then sentenced appellant to two years but suspended the sentence “on condition of one year probation, two years good behavior and a $300 fine.”
II.
ANALYSIS
Appellant was convicted for election fraud in violation of Code § 24.2-1016. That statute provides as follows:
Any willfully false material statement or entry made by any person in any statement, form, or report required by this title shall constitute the crime of election fraud and be punishable as a Class 5 felony. Any preprinted statement, form, or report shall include a statement of such unlawful conduct and the penalty provided in this section.
Code § 24.2-1016.
Appellant contends the Commonwealth was required to prove the voter registration form he signed contained a warning that a willfully false material statement on that form constituted election fraud and was punishable as a Class 5 felony. For the reasons that follow, we disagree.
“In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature.” Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997) (citing City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995)). “That intention is initially found in the words of the statute itself, and if those words are clear and unambiguous, *5 we do not rely on rules of statutory construction or parol evidence, unless a literal application would produce a meaningless or absurd result.” Id. (citations omitted). “Although [ambiguous] penal laws are to be construed strictly [against the Commonwealth], they ‘ought not to be construed so strictly as to defeat the obvious intent of the legislature.’ ” Willis v. Commonwealth, 10 Va.App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted). Absent ambiguity, “the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction.” Cregger v. Commonwealth, 25 Va.App. 87, 90, 486 S.E.2d 554, 555 (1997).
The first sentence of Code § 24.2-1016 expressly and unambiguously sets out the elements of the offense of election fraud. That sentence provides that “[a]ny willfully false material statement or entry made by any person in any statement, form, or report required by this title shall constitute the crime of election fraud and be punishable as a Class 5 felony.” Code § 24.2-1016 (emphasis added). The legislature did not include in the sentence listing the elements a requirement that such a false statement would constitute election fraud only if the preprinted statement, form, or report includes a statement that such conduct is unlawful and is punishable as a Class 5 felony. Rather, it stated in a separate sentence that “[a]ny [such] preprinted statement, form, or report shall include a statement [that such conduct is unlawful and is punishable as a Class 5 felony].” Id.
As the Commonwealth aptly notes, the Supreme Court “[has] repeatedly held,” in both the civil and criminal context, “ ‘that the use of “shall,” in a statute requiring action by a public official, is directory and not mandatory unless the statute manifests a contrary intent.’ ” Butler v. Commonwealth, 264 Va. 614, 619, 570 S.E.2d 813, 816 (2002) (quoting Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 636, 638 (1994)); see also Nelms v. Vaughan, 84 Va. 696, 699-700, 5 S.E. 704, 705-06 (1888). “ ‘[A] statute may be mandatory in some respects, and directory in others.’ ” Ladd v. Lamb, 195 *6 Va. 1031, 1035, 81 S.E.2d 756, 759 (1954) (quoting 82 C.J.S., Statutes § 374, at 868 (1953)).
Here, the legislature could have stated that the proscribed behavior “shall constitute the crime of election fraud but only the preprinted form includes [the stated language].” It did not.[2] It also provided neither (1) a remedy for an accused claiming the failure of the relevant public official to follow the language of the statute nor (2) a sanction against the relevant public official. See Wohlford v. Commonwealth, 3 Va.App. 467, 471, 351 S.E.2d 47, 49 (1986) (“We note that Code § 18.2-267(f) clearly reflects a legislative policy that law enforcement officers inform a suspect of his rights under this section. Yet the legislature has imposed no specific sanctions for failure to comply with the section.”); cf. Troncoso v. Commonwealth, 12 Va.App. 942, 945, 407 S.E.2d 349, 350 (1991) (holding request to suppress evidence “is properly denied absent a showing that the evidence was seized pursuant to a constitutional violation or pursuant to violation of a statute which expressly provides suppression as a remedy for its breach”). *7 Thus, it manifested an intent that the language at issue, whether directory or mandatory, is not an element of the offense.
Finally, appellant does not allege that the Commonwealth’s failure to prove compliance with this notice provision nevertheless resulted in the denial of some substantive right or in a due process violation. See Butler, 264 Va. at 620, 570 S.E.2d at 816-17. Even if he had, he has alleged no prejudice, and we detect none. To the extent the purpose of requiring the provision is to notify the person registering to vote that making a false statement on the form is unlawful, the attestation clause in the record, below which appellant signed his name, makes clear that any “false statements” on the form are “subject to ... penalties.” The only thing omitted from the attestation clause is precisely what those penalties are. Thus, the record shows “substantial] compliance]” with the challenged portion of the statute. See Nelms, 84 Va. at 699-700, 5 S.E. at 705-06.
III.
We hold a conviction under Code § 24.2-1016 requires proof only that the accused made a willfully false material statement on the specified form and does not require proof that the form apprised him such a statement would constitute election fraud. We also find no prejudice resulted to appellant from the failure of the registration form to comply with the provision at issue. Thus, we affirm appellant’s conviction.

Affirmed.

. On appeal, appellant does not contest the sufficiency of the evidence to prove he made a willfully false material statement on the voter registration form. Thus, we do not address that issue in this appeal.

. The dissent cites the Supreme Court’s holding in Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991), for the proposition that "when a penal statute contains a notice requirement, ‘the notice requirement of the statute [is] a material element of the offense charged.' " Jimenez is not controlling.
The statute at issue in Jimenez, Code § 18.2-200.1, provided as follows:
“If any person obtain from another an advance of money, ... with fraudulent intent, upon a promise to perform construction, ... and fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money, merchandise or other thing if he fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested, to his last known address or to the address listed in the contract.”
Jimenez, 241 Va. at 247, 402 S.E.2d at 679 (quoting Code § 18.2-200.1) (emphasis added in Jimenez). Thus, the legislature made clear that an accused could be convicted of larceny under Code § 18.2-200.1 only if the express terms of the statute’s notice provision were met.
In appellant’s case, by contrast, the provision of Code § 24.2-1016 relating to notice is not contained in the sentence in which the legislature set out the elements of the offense of election fraud, making clear the legislature's intent that notice is not an element of the crime of election fraud.