## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Shelly Ann Widlacki

v.

Guy Adam Widlacki

September 21, 2004

Case No. CH03-688

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of Mr. Widlacki to prohibit the disclosure and use at trial of certain files maintained by Christian Psychotherapy Services. The motion is made pursuant to Virginia Code § 20-124.3:1. For the reasons stated herein the motion is granted.

### Facts

This matter is a suit for divorce, which also seeks an order with respect to the issue of custody and/or visitation of the minor children of the parties.

The Court is advised that, during the pendency of this matter, the respective parties sought counseling from a psychologist, who conducts her professional practice as Christian Psychotherapy Services. Counsel advises that, during the various therapy sessions, some may have been joint where both Mr. and Mrs. Widlacki were present.

As a part of this proceeding, a subpoena duces tecum has been issued for these records and the records have been filed under seal with the court pending the resolution of this matter.

### Issues

Does the fact that both parties were present during a least part of the counseling sessions make the notes made by the psychologist admissible?

Stated another way, does Virginia Code § 20-124.3:1 preclude the admission of notes made during joint sessions when both parties are present?

At the outset, the court notes that this statute was enacted by the 2002 Session to be effective July 1, 2003. (Chapter 881 of 2002 Acts of Assembly.) Due in all probability to its relative newness, no appellate court has had an occasion to address the issue that is before the court.

The language of the statute clearly would make the subject records inadmissible if the session involved only Mr. Widlacki and the therapist:

> the records concerning *a parent*, kept by any licensed mental health care provider . . . shall be privileged and confidential.

Virginia Code § 20-124.3:1 (emphasis added). (There are several exceptions contained in the subparts of this code section, but they are not applicable to the facts in our case.)

In his brief, counsel for Mr. Widlacki, correctly cites a number of cases directing the court to give "plain meaning" to words used by the legislature as long as those words are "clear and unambiguous." *Williams v. Commonwealth*, 43 Va. App. 1, 4-5, 595 S.E.2d 497 (2004).

This court is of the opinion that Code § 20-124.3:1 is clear and prohibits the use of these records when they relate to a parent, i.e. Mr. Widlacki. If the legislature had intended for these records to be admissible in this situation, they could have created an exception to deny a privilege when both parties attended the session. This was not done, and this court is of the opinion that such an exception must be created by legislative rather than judicial action.