COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Clements and McClanahan
Argued at Salem, Virginia


KENNETH EUGENE JACKSON, S/K/A
 KENNETH EUGENE JACKSON, JR.

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1283-04-3               JUDGE RUDOLPH BUMGARDNER, III
                                                            MAY 17, 2005

COMMONWEALTH OF VIRGNIA


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                                Thomas H. Wood, Judge

            Susan M. Johnson for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Judith
            Williams Jadgmann, Attorney General, on brief), for appellee.


        A jury convicted Kenneth E. Jackson of being an accessory before the fact to murder,

Code §§ 18.2-18 and -32, and conspiracy to commit murder, Code § 18.2-22. He appeals the

denial of a continuance and the refusal to admit a codefendant's hearsay statement under the

exception for statements against penal interest. Finding no error, we affirm.

        Four members of a local gang were indicted for the murder of Christopher Kennedy:

Candace Knott, Kalani Noa, Seth Tinsley, and the defendant. The night of the murder, the four

were at Knott's apartment. They discussed punishing the victim, who was also a member of

their gang, because he might inform the police about them. At first they were only going to beat

the victim, but then they decided to kill him.

        The defendant gave Noa and Tinsley an order to kill, and Knott, the acting leader of the

gang, approved his order. Noa testified, Kennedy "was to die. We was to kill him." Later that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

night, Noa and Tinsley lured the victim to a remote part of the county, stabbed him thirteen times, and dumped his body in a pond. They returned with the victim's watch and bloody shirt to prove they had carried out their orders. The defendant told police he only wanted Kennedy beaten, but he conceded he gave the order to kill and Knott approved it.

Noa pled guilty to first-degree murder and became the Commonwealth's primary witness against the other three. Tinsley was initially scheduled for trial a few days before the defendant. The defendant had subpoenaed Tinsley to testify at his trial. He anticipated that Tinsley would testify at his own trial in an effort to reduce his culpability and would waive his Fifth Amendment rights. Thus Tinsley would not be able to refuse to testify at the defendant's trial.

A week before the defendant's trial, Tinsley's trial was continued to a date shortly after the defendant's trial. The defendant filed a motion requesting a continuance so his trial would again follow Tinsley's trial. The trial court denied the continuance noting, "Tinsley may not be available as a witness for years. Indeed, if he is convicted when he is tried in December, he would still have his Fifth Amendment privilege until all of his appeals are exhausted. We simply cannot wait for that to occur."

Tinsley's attorney filed a motion to quash the witness subpoena served by the defendant. The attorney could not appear at the trial with his client and advised, "Tinsley will assert his Fifth Amendment privilege." He added, "I cannot assure anyone that [Tinsley] will in fact testify when I can be present, but I know he won't testify without me present."

As the defendant concedes, continuances lie within the discretion of the trial court. Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998). Its ruling will be reversed "'only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.'" Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted).

> A defendant's right to call for evidence in his favor guarantees him sufficient time to investigate and evaluate the evidence in preparation for trial. However, the need to investigate and evaluate the evidence and the prejudice allegedly resulting from the denial of a continuance cannot be based upon mere speculation. Thus, absent a showing of prejudice to a defendant by the denial of a continuance, an appellate court will not find that a trial court abused its discretion.

Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994) (citations omitted).

The defendant maintains that Tinsley's statements were exculpatory of his role in the murder. He anticipated that he could compel Tinsley's testimony because Tinsley would testify at his own trial and thus waive his right to remain silent. However, as Tinsley's attorney advised, there was no assurance that Tinsley would testify at his own trial. As the trial court noted, there was no foreseeable date at which Tinsley's case would be final and his right extinguished.

The defendant was entitled to a fair and impartial trial, not a perfect one, and "'there is no absolute right to be tried in a certain order.'" United States v. Van Hemelryck, 945 F.2d 1493, 1501 (11th Cir. 1991) (citation omitted). Under these circumstances, the defendant failed to prove the trial court abused its discretion in refusing to grant the continuance.[1] The trial court was not required to grant a continuance based upon the defendant's trial strategy and speculation that a witness might lose his right to invoke the Fifth Amendment.

At trial, the defendant maintained Knott ordered the murder and he wanted no part in it. He proffered statements that Tinsley had made to the police. Tinsley said he was drunk on the night of the killing and the victim was not supposed to die. Tinsley stated that at the pond they told the victim, "that he was gonna get his ass whipped and [Noa] told me he could handle it so I

---

[1] Moreover, the defendant did not establish prejudice; he failed to show he was deprived of exculpatory or favorable evidence. Tinsley's exculpatory statements related to what transpired at the pond and not with the defendant's role in ordering a murder.

backed away and the next thing you know a lot more shit happened than was supposed to happen that night." The defendant argued the statements were exculpatory of him.

The trial court ruled Tinsley's statements were exculpatory of Tinsley, who was charged with first-degree murder. It also noted the statements about events at the pond did not necessarily exculpate the defendant, and it refused to admit "pure hearsay" statements.

"A statement against a declarant's penal interest at the time made is admissible under the declaration against interest exception to the hearsay prohibition." Tice v. Commonwealth, 38 Va. App. 332, 341, 563 S.E.2d 412, 417 (2002). "Declarations against interest are admissible [and their reliability guaranteed] only if at *the time of the statement*, the declarant believed the statement was *contrary to his or her interest*." Virginia Evidentiary Foundations § 9.11, 337 (1998). A statement that tends to diminish a declarant's criminal responsibility is not a statement against penal interest. Schmitt v. Commonwealth, 262 Va. 127, 144, 547 S.E.2d 186, 198 (2001), cert. denied, 534 U.S. 1094 (2002).

In Schmitt, the defendant entered a bank with a loaded, concealed weapon and stood in a teller line. He then left the teller line, walked over to a security guard, and shot him twice. At trial, he sought to admit his statement to a crisis negotiator that he did not intend to kill the guard. The Supreme Court of Virginia ruled that the statement did not qualify as a declaration against penal interest because it was a "self-serving denial of his criminal intent on the capital murder charge." Id. The defendant's statement that he killed the guard during a struggle "promotes the goal of protecting himself from criminal liability for capital murder," and was inadmissible hearsay. Id. See also Virginia Evidentiary Foundations § 9.11, 135 (2004 Supp.).

Tinsley was charged with first-degree murder. He and Noa lured the victim to a remote spot, stabbed him thirteen times, and dumped his body in a pond. Tinsley told police the victim was not supposed to die and that he was drunk. These statements reduced his culpability. As in

- 4 -

<u>Schmitt</u>, Tinsley's statements were self-serving declarations aimed at reducing his responsibility. The trial court did not err in refusing to admit Tinsley's hearsay statements as an exception to the hearsay rule because they were not against his penal interest.

Concluding the trial court did not err, we affirm the convictions.

<u>Affirmed.</u>