UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Duffan

AWAN DUFONT HARDY

v.     Record No. 0306-25-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE KEVIN M. DUFFAN
FEBRUARY 10, 2026

FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Joseph M. Teefey, Jr., Judge[1]

(M.G. "Glen" Henkle; Henkle Law Firm, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares,[2] Attorney General; Jason D. Reed, Senior
Assistant Attorney General, on brief), for appellee.

For two years, the trial court granted Awan Dufont Hardy's motions to continue his probation violation proceedings while he sought drug abuse treatment. In October 2024, the trial court denied Hardy's motion for a continuance and imposed two years of his unserved 2014 sentence. On appeal, Hardy claims that the court abused its discretion and subjected him to cruel and unusual punishment. Finding no error, we affirm.[3]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Judge Designate Pamela S. Baskervill presided at the revocation hearing and ruled on the motion to continue and probation violation that are the subject of this appeal. Judge Joseph M. Teefey, Jr. entered the revocation order.

[2] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[3] Having examined the briefs and record here, the panel unanimously holds that oral argument is unnecessary. "[T]he facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c).

BACKGROUND

We consider the evidence from a revocation hearing "in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

In 2014, the trial court convicted Hardy of uttering a forged note and sentenced him to five years' incarceration with three years and eight months suspended. In 2018, Hardy pleaded guilty to two counts of felony petit larceny, third or subsequent offense; one count of felony concealment, third or subsequent offense; one count of possession of a controlled substance; and two misdemeanor counts of possession of marijuana, subsequent offense. The court sentenced him to 25 years in prison and 24 months in jail, with 22 years and 44 months suspended. The court also revoked and re-suspended all but one year of Hardy's 2014 sentence based on those new convictions.

Hardy began supervision in May 2020. In September 2022, Hardy's probation officer reported that he had been convicted of assault and battery of a law enforcement officer and obstruction of justice in Henrico County, as well as grand larceny, credit card theft, and misdemeanor vandalism in Dinwiddie County. The trial court ordered Hardy to show cause why his suspended sentences for the 2014 and 2018 convictions should not be revoked. In October 2022, Hardy was charged in Nottoway County with possession of a controlled substance and possession of stolen property. The trial court continued the revocation proceedings and the trial for Hardy's new charges several times to accommodate Hardy, such as when his counsel withdrew in April 2023. In August 2023, the trial court convicted Hardy of the new charges after he entered an

*Alford*[4] plea to those charges. Following those new convictions, the trial court continued Hardy's revocation hearing.

In January 2024, Hardy moved to continue his revocation hearing so he could find and join a substance abuse treatment program. The trial court granted Hardy's motion. In March 2024, the trial court granted another continuance motion by Hardy because he was in an inpatient treatment program at the Life Center in Galax, Virginia. By May, Hardy had completed the program in Galax but was receiving further treatment at Alamo Recovery in Petersburg. Accordingly, the trial court granted two more continuance motions filed by Hardy in May and June. The court noted at the June hearing that it had received a letter from Alamo Recovery stating that Hardy was "doing what he is supposed to do in Alamo."

Two days after the court granted that final continuance, the Alamo Recovery Program informed Hardy's probation officer that Hardy "was not taking the program seriously" and "was in jeopardy of being removed from the program, due to him breaking house rules." Hardy left the program two days after that, during which time he relapsed. Hardy claimed to have been hospitalized for a stroke, but his probation officer was unable to verify that claim. Hardy briefly went back to Galax but left again, claiming to his probation officer that Galax staff were putting fentanyl in participants' drinks before their court hearings. He then went to the Journey House Foundation but left that situation for three days after "having an altercation with the assistant house manager." He admitted to his probation officer that he used cocaine and alcohol during those three days.

Hardy's probation officer informed the court of these developments in October 2024. In the probation officer's view, Hardy "continue[d] to fail to take responsibility for his actions," and "d[id] not appear to benefit from a community-based substance abuse treatment program."

---

[4] *North Carolina v. Alford*, 400 U.S. 25 (1970).

Hardy moved for another continuance. He testified that he left Alamo Recovery because people there were dealing and using drugs. He acknowledged the altercation at Journey House and admitted to leaving the program for three days, during which he consumed cocaine and alcohol. But he claimed that he was "clean and sober today," was back at Journey House, and was taking medication to address his mental health conditions. Hardy argued that, despite setbacks, he had made progress with his treatment and would benefit from more time with the Journey House program. The court denied the motion, noting Hardy's "major long[-]standing issues."

Hardy did not contest the probation violation, and the court found that he violated the terms and conditions of his 2014 and 2018 sentences. The Commonwealth requested that the court impose two years and eight months' incarceration, which was the remaining suspended sentence from the 2014 uttering conviction. Hardy asserted that he was "a good candidate for rehabilitation" and asked the court to revoke and resuspend his sentence.

The court imposed two years of active incarceration. The court was "sympathetic" about Hardy's mental health and addiction struggles but found it "impossible . . . to reconcile" Hardy's actions with his stated goal of getting sober. The court also took into account the probation officer's opinion that Hardy did "not appear to benefit" from the substance abuse programs.

ANALYSIS

I. Motion for Continuance

Hardy argues that the trial court abused its discretion by denying his October 2024 continuance motion. "[W]hether to grant or deny 'a motion for a continuance is within the sound discretion of the circuit court.'" *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "Abuse of discretion and prejudice to the complaining party are essential to reversal." *Bolden v. Commonwealth*, 49

Va. App. 285, 290 (2007) (quoting *Butler v. Commonwealth*, 264 Va. 614, 621 (2002)). "The absence of one renders inconsequential the presence of the other." *Id.* "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

The trial court did not abuse its discretion by denying Hardy's fifth motion to continue. The court granted Hardy four continuances to give him the opportunity to complete substance abuse treatment. But Hardy's treatment record was plagued by problems as outlined by the October 8, 2024 addendum to his probation violation report. The Alamo Recovery Program believed that "Hardy was not taking the program seriously" and was using the program solely for residential services. Hardy left that program and relapsed. Then, within the span of only a few months, Hardy joined and left the program at Galax before joining and leaving the program at the Journey House Foundation. And after leaving Journey House, he relapsed again. By that point, Hardy's revocation hearing had been pending for two years. The trial court was not required to give Hardy an unlimited amount of time to resolve his problems. Under these circumstances, where the trial court had already granted Hardy a significant amount of time to complete treatment, we cannot say that the trial court abused its discretion by denying Hardy's motion for another continuance. *See Johnson v. Commonwealth*, 51 Va. App. 369 (2008) (the trial court did not abuse its discretion by denying defendant's motion to continue to give defendant's new attorney time to prepare when the case had

- 5 -

been continued five times (three times at the defendant's request), witnesses were ready to testify, and the court-appointed attorney and attorney for the Commonwealth were ready to proceed).

II. Revocation Sentence

Hardy also argues that the trial court abused its discretion by sentencing him to two years' active incarceration.

> Subject to the provisions of [Code] § 19.2-306.2, in any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court.

Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C).

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016). "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* For these reasons, determining the sentence "lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)).

Here, Hardy committed new criminal offenses in three different jurisdictions while on probation. Thus, the trial court could impose "any or all" of his previously suspended sentence. Code § 19.2-306.1(B). Moreover, the record before the trial court reflected that, in addition to his continuing criminal behavior, Hardy refused to accept responsibility for his offenses by blaming his actions on his mental health disorder and failing to take full advantage of the treatment programs. Our Supreme Court has "consistently held that the 'revocation of a suspended sentence lies in the discretion of the trial court and that this discretion is quite broad.'" *Commonwealth v. Delaune*, 302 Va. 644, 658 (2023) (quoting *Peyton v. Commonwealth*, 268 Va. 503, 508 (2004)). Having reviewed the record, we hold that the sentence the trial court imposed represents a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding the court did not abuse its discretion by imposing the defendant's previously suspended sentence of more than 24 years "in light of the grievous nature of [the original] offenses and his continuing criminal activity").

Assuming without deciding Hardy preserved his argument that his two-year sentence constituted cruel and unusual punishment, this Court does not engage in proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). As we stated in *Cole*, the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653; *cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Under these circumstances, Hardy's two-year active sentence is within the trial court's discretion and not cruel and unusual.

## CONCLUSION

For these reasons, the trial court's judgment is affirmed.

*Affirmed.*